1 | John C. Hueston, State Bar No. 164921
jhueston@hueston.com
2 | Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
3 | Steven N. Feldman, State Bar No. 281405
sfeldman@hueston.com
4 | HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
5 | Los Angeles, CA 90014
Telephone: (213) 788-4340
6 | Facsimile: (888) 775-0898

7 | Attorneys for Plaintiff
MONSTER ENERGY COMPANY,
8 | a Delaware Corporation

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | MONSTER ENERGY COMPANY, a Delaware corporation,

14 | Plaintiff,

15 | vs.

16 | VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,

19 | Defendants.

Case No. 5:18-cv-1882

**DECLARATION OF STEVEN N. FELDMAN ISO PLAINTIFF MONSTER ENERGY COMPANY'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY OR EXTEND DEFENDANTS' RESPONSIVE PLEADING DEADLINE**

## DECLARATION OF STEVEN N. FELDMAN

I, Steven N. Feldman, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California. I am a partner at Hueston Hennigan LLP, counsel of record for Monster Energy Company in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Hueston Hennigan appeared as counsel in this case on January 31, 2019. Dkt. Nos. 35-37. In the interim period, Monster and Hueston Hennigan have been drafting an amended complaint. This amended complaint reflects recently discovered facts and includes new legal theories developed by current counsel. These substantive additions include: (a) new causes of action brought under California law; (b) allegations of tortious conduct committed by Defendants in California; and (c) wrongful conduct and unfair competition by Defendants independent of their false advertising, including tortious interference with Monster's contractual rights, other intentional torts, and violations of California's Penal Code.

3. Monster intends to get its amended complaint on file as soon as possible in order to streamline these proceedings.

4. On March 20, 2019, Timothy Branson, counsel of record for Defendants in this action, called me to discuss this case. Mr. Branson told me that Defendants intended to file a motion to dismiss Defendant Owoc for lack of personal jurisdiction, a motion to transfer venue, and a motion to stay. Mr. Branson also informed me that, unless Plaintiff stipulated to voluntarily dismiss Defendant Owoco, Defendants planned to file a motion for sanctions against me under Federal Rule of Civil Procedure 11. A true and correct copy Mr. Branson's e-mail to me is attached hereto as **Exhibit 1**.

5. I knew that the amended complaint would moot Owoc's motion to dismiss and substantially affect Defendants' motions to stay and transfer, requiring a

FELDMAN DECLARATION ISO MONSTER'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY OR EXTEND RESPONSIVE PLEADING DEADLINE

5518576

second round of briefing on all issues.  I also knew that the amended complaint would address Defendant Owoc's jurisdiction argument and significantly bolster Monster's claims.

6. Monster could have waited for Defendants to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 on the April 1, 2019 deadline, and then filed Monster's amended complaint as of right as early as the next day.  But rather than stay quiet and force Defendants to go through that costly exercise, I called Mr. Branson the very next day and suggested that the parties stipulate to the filing of an amended complaint—thus relieving Defendants of their obligation to respond on April 1.

7. Mr. Branson initially indicated during our call that Defendants would stipulate.  But because Federal Rule of Civil Procedure 15(a)(2) requires an agreement in writing, I followed up with an e-mail to confirm our agreement that same day, March 21, 2019.  *See* **Exhibit 1**.

8. I did not receive a response, so I sent a second e-mail to Timothy Branson seeking to confirm our agreement on March 25, 2019.  *See* **Exhibit 1**.

9. On March 26, I then received a call from Sean P. Flynn, who is also counsel for Defendants.  Mr. Flynn reneged on the agreement I had made with Mr. Branson, stating that Defendants would not stipulate unless Monster provided them with an advanced copy of the amended complaint.  Mr. Flynn also indicated that Defendants would not stipulate unless Monster's amendments were minor.  Monster's amendments are not minor.

10. I was concerned that Defendants would review the amended complaint and refuse to stipulate to its filing—in effect guaranteeing for themselves significant extra time to respond and prepare their defense to Monster's litigation strategy.  I therefore could not agree to provide Defendants an advanced copy of the complaint without some commitment that we could eventually file it.  Mr. Flynn provided no other proposal to resolve this dispute.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

11.    To be clear, Monster has no intent to waste this Court's or the parties' resources. Monster remains willing to work with Defendants and establish an appropriate schedule so that this case can finally begin in earnest.

Executed on this 28th day of March, 2019, at Los Angeles, California.

/s/    Steven Feldman
Steven N. Feldman

- 3 -
FELDMAN DECLARATION ISO MONSTER'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY OR EXTEND RESPONSIVE PLEADING DEADLINE

5518576