UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1882 JGB (SHKx)** | | Date | March 29, 2019 |
|---|---|---|---|---|
| Title | ***Monster Energy Company v. Vital Pharmaceuticals, Inc. et al.*** | | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order DENYING Defendants' Ex Parte Application to Stay or Extend Responsive Pleading Deadline (Dkt. No. 53)**

Before the Court is Defendants Vital Pharmaceuticals, Inc. and John H. Owoc's ex parte application to stay the deadline to respond to Plaintiff Monster Energy Company's ("Monster") complaint. ("Application," Dkt. No. 53.)  Plaintiff opposed the Application on March 28, 2018. (Dkt. No. 56.)  Defendants make three arguments in support of their application: first, that Defendants' counsel entered an appearance only nine days ago; second, that Defendants intend to file, at a later date, a separate motion to stay and transfer this action to another venue; and third, that Plaintiff has informed Defendants' counsel that it intends to amend its complaint, either with Defendants' consent or upon the filing of responsive pleading by Defendants. See Fed. R. Civ. P. 15(a)(1)(B).  Failure to grant a stay or extension, Defendants argue, would trigger "a pointless and costly domino effect of numerous court filings". (App. at 2.)

The Court does not find good cause to grant Defendants' ex parte application or that irreparable injury will occur upon denial of Defendants' application. Clark v. Time Warner Cable, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) ("Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.")  The Complaint in this matter was filed over six months ago, on September 4, 2018. (Dkt. No. 1.)  Defendants have been aware of the April 1, 2019 deadline to file responsive pleading since at least February 22, 2019, when the Court granted their motion for clarification regarding the deadline for response to the complaint. (Dkt. No. 43.)  In that motion, Defendants argued that an extension of 30 days was reasonable because Defendants' had recently

retained outside counsel, which required time to "get up to speed, and prepare a response to the Complaint." (Dkt. No. 41 ¶ 28.)  The Court finds this argument significantly less persuasive in its second iteration.

Nor do Defendants' procedural arguments hold water.  Fed. R. Civ. P. 15(a) entitles Plaintiff to amend its complaint once "as a matter of course" within 21 days of service of a responsive pleading or with the opposing party's written consent.  Defendants, having withheld their consent to Plaintiff's request to amend, as is their right, now ask the Court to stay proceedings indefinitely to avoid what they characterize as unnecessary filings.  There is no basis in the Federal Rules of Civil Procedure for such a stay.

Defendants' stated intention to file a transfer motion at a later date also does not provide reasonable grounds for a stay.  Ex parte applications are not "eleventh hour motions intended to save the day for parties who have failed to present requests when they should have." Komaiko v. LegalZoom.com, Inc., 2016 WL 9023013, at *2 (C.D. Cal. May 24, 2016) (internal quotation marks and ellipses omitted).  Defendants have been aware of the existence of other, allegedly similar lawsuits since at least February 14, 2019.  (Declaration of Francis Massabki, Dkt. No. 41-1 ¶ 6.)  Had Defendants wished to file a motion to stay or transfer this action prior to the April 1, 2019 deadline, they had ample opportunity to do so.  But they did not, and have now walked into a mess of their own making.

Defendants' Application is DENIED.

**IT IS SO ORDERED.**