M. D. SCULLY (SBN: 135853)
mscully@grsm.com
TIMOTHY K BRANSON (SBN: 187242)
tbranson@grsm.com
SEAN P. FLYNN (SBN: 220184)
sflynn@grsm.com
HOLLY L.K. HEFFNER (SBN: 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN: 271215)
mkanach@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA  92101
Phone:  (619) 230-7441
Fax:  (619) 696-7124

MARC J. KESTEN (SBN: 152741)
FRANCIS MASSABKI (*pro hac vice*)
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Phone:  (954) 641-0570
Fax:  (954) 389-6254
Legal@vpxsports.com

Attorneys for Defendants
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS;
and JOHN H. OWOC, a.k.a. JACK OWOC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>Defendants. | CASE NO.: 18-cv-1882-JGB-SHK<br><br>**DEFENDANT VITAL PHARMACEUTICALS, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Dist. Judge: Hon. Jesus G. Bernal<br>Mag. Judge: Hon. Shashi H. Kewalramani |

Defendant VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS ("Defendant") hereby responds on behalf of itself, and no other,[1] to the Complaint (Dkt. No. 1) of Plaintiff MONSTER ENERGY COMPANY ("Plaintiff") as follows:

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the complaint except those expressly admitted below.

2. Defendant admits the allegations of the following paragraphs: 15; and 24.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint was brought in the improper venue relative not only to the convenience of the parties and witnesses, but also the locale of the totality of the alleged wrongful conduct. Furthermore, Defendant's principal place of business is Florida. In addition, to the extent this case is being brought on behalf of or for the benefit of the general public, this case was not brought in the proper venue. Therefore, Defendant expressly reserves all rights and remedies afforded it under 28 U.S.C. § 1404.

2. This court lacks subject matter jurisdiction over the state court claims relative to any dismissal or judgment concerning the federal question claims. 28 U.S.C. § 1367.

3. This court lacks personal jurisdiction over Defendant and expressly reserves all rights and remedies afforded it under Federal Rule of Civil Procedure 12(b)(2); *Imageline, Inc. v. Hendricks*, 2009 U.S. Dist. LEXIS 71125, *3-5, fn. 1

---

[1] Defendant John H. Owoc is separately responding to the Complaint.

- 1 -

DEFENDANT VITAL PHARMACEUTICALS, INC'S
ANSWER TO COMPLAINT                                         Case No. 18-cv-01882

- 2 -

(C.D. Cal. 2009).

4. Plaintiff's claims are barred for lack of standing.

5. Plaintiff's Complaint does not allege facts sufficient to state any claim or controversy pursuant to Federal Rule of Civil Procedure 12(b)(6).

6. Plaintiff's Complaint fails to allege facts regarding actionable expressions of fact as opposed to statements of opinion.

7. Plaintiff's Complaint fails because the complained of statements of fact, to the extent they are not opinions, amount to mere puffery.

8. Plaintiff's Complaint does not allege facts sufficient to allow for the award of any punitive and/or exemplary damages pursuant to California Civil Code § 3294.

9. Plaintiff's claims for punitive damages are barred, in whole or in part, because punitive damages are not recoverable in cases brought under the Lanham Act.

10. Defendant is informed and believes and thereon alleges that the applicable statutes of limitation may bar all Claims for relief in the Complaint.

11. Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence or other conduct, which equaled or exceeded any alleged negligence or conduct by Defendant.

12. Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

13. The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

14. The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

15. The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.

16. The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

17. Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

18. Each state law claim in the Complaint is barred because federal law (including but not limited to the Federal Food, Drug, and Cosmetic Act and Lanham Act) preempts this action in whole or in part.

19. Plaintiff's claims are barred by the doctrine of primary jurisdiction. (*Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).)

20. Plaintiff's claims are barred by res judicata and/or collateral estoppel.

21. Plaintiff's claims are barred in whole or in part by Defendant's free speech guarantees of the First Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution), and the analogous provisions contained in the California Constitution.

22. Plaintiff's claims are barred under California Civil Code § 47(c).

23. This action is barred, in whole or in part, because the advertisements and product labels at issue provided clear and appropriate descriptions of the ingredients in Defendant's products.

24. This action is barred, in whole or in part, because no advertisements or labels for Defendant's products contain or contained any false or misleading statements or promises or promised any good not intended to be delivered. As

- 3 -

such, the advertisements and product labels are not, and were not, deceptive, false, misleading, fraudulent, unlawful, and/or unfair, and were not intended to mislead or deceive consumers.

25. Plaintiff's claims as related to allegations of statements published by Defendant are barred, in whole or in part, because the statements were true or the defendant had a good faith belief that the statement was true.

26. Plaintiff's claims as related to allegations of statements published by Defendant are barred because Plaintiff has failed to plead or prove scientific studies, reproducible research, or material facts establishing that the challenged statements are, as alleged, deceptive, false, misleading, fraudulent, unlawful, or unfair, or, again, as alleged, intended to mislead or deceive consumers.

27. Plaintiff's claims as related to allegations of statements published by Defendant are barred because Plaintiff has failed to plead or prove scientific studies, reproducible research, or material facts reflecting that the ingredients and amounts thereof appearing on the labels of VPX's BANG® brand of challenged products are incorrect.

28. Plaintiff's claims are barred because, to the extent VPX rendered any actionable opinions regarding the possible benefits of creatine on the regular aging and cognitive brain processes, VPX reasonably relied on published medical literature in the existing scientific community regarding this subject.

29. Plaintiff's claims regarding the validity of VPX's Super Creatine® patent are barred until, at a minimum, the exhaustion of VPX's review and appellate rights.

30. Plaintiff has not suffered any economic harm or injury in fact that was caused by any act or omission of Defendant.

31. Plaintiff's claims are barred, in whole or in part, because the damages sought by Plaintiff are speculative, remote, and/or impossible to ascertain.

32. Plaintiff's claims for equitable relief are barred to the extent there is,

- 4 -

1  or Plaintiff asserts that there is, an adequate remedy at law.

2      33.    Plaintiff's request for attorney's fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

34.    Defendant alleges that portions of the Complaint do not describe the alleged actions and/or in actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time.  Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered pursuant to Federal Rule of Civil Procedure 15.

**WHEREFORE**, Defendant prays as follows:

1. That judgment on the Complaint and on each cause of action be entered in favor of Defendant;

2. That Plaintiff take nothing by way of the Complaint herein and that this action is dismissed in its entirety with prejudice;

3. That Plaintiff's request for injunctive relief be denied;

4. That Defendant be awarded its fees and costs incurred in defending this action to the extent permitted by law;

5. That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  April 1, 2019

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ Timothy K. Branson*
    M. D. Scully
    Timothy K. Branson
    Sean P. Flynn
    Holly L.K. Heffner
    Michael D. Kanach
    Attorneys for Defendants
    VITAL PHARMACEUTICALS, INC., dba VPX SPORTS and JOHN H. OWOC aka JACK OWOC

# DEMAND FOR JURY TRIAL

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant demands a trial by jury in this action pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: April 1, 2019

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Timothy K. Branson*
　　M. D. Scully
　　Timothy K. Branson
　　Sean P. Flynn
　　Holly L.K. Heffner
　　Michael D. Kanach
　　Attorneys for Defendants
　　VITAL PHARMACEUTICALS, INC., dba VPX SPORTS and JOHN H. OWOC aka JACK OWOC

# **CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA 92101, my electronic mail address is mcerezo@grsm.com. On April 1, 2019, I served the foregoing document(s) entitled: **ANSWER TO COMPLAINT** as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiff MONSTER ENERGY:**

John C. Hueston
Moez Kaba
Steven N. Feldman
Joseph A. Reiter
Michael H. Todisco
Sourabh Mishra
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Phone: 213-788-4340
jhueston@hueston.com
mkaba@hueston.com
sfeldman@hueston.com
jreiter@hueston.com
mtodisco@hueston.com
smishra@hueston.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on April 1, 2019 at San Diego, California.

Maria G. Cerezo