**STEVEN N. FELDMAN**

sfeldman@hueston.com
D: 213 788 4272
T: 213 788 4340
F: 888 775 0898

523 West 6th Street
Suite 400
Los Angeles, CA 90014

# HUESTON HENNIGAN LLP

Monday, September 9, 2019

**VIA ECF**

Honorable Shashi H. Kewalramani
George E. Brown, Jr. Federal Building and United States Courthouse
3470 12th Street
Riverside, CA 92501

**Re:**   ***Monster Energy Co. v. Vital Pharm., Inc.*, Case No. 5:18-cv-1882-JGB-SHK (C.D. Cal.)**

Dear Honorable Shashi H. Kewalramani:

Plaintiff Monster Energy Corp. ("Monster") submits this opening letter brief in support of its request that the Court order Defendant Vital Pharmaceuticals, Inc. ("VPX") to sufficiently answer Monster's Interrogatory No. 1 by providing the formula for its BANG energy drink products.  Monster files this brief pursuant to the Court's September 6, 2019 Order (ECF 128) and the September 4, 2019 telephonic conference (ECF 127).

Monster's Interrogatory No. 1 to VPX requests: "State the formula for YOUR BANG energy drink, including the amount used of each ingredient.  To the extent the formula is different for each flavor of BANG, state the formula for each flavor." (*See* Exhibit[1] A at 6-9.)  In response, VPX has refused to provide an unredacted formula for BANG and has only offered to provide *some* of the names of the ingredients in the formula and the amount of only *one* ingredient, caffeine. (*See* Exhibit B at 1.)  It argues that any additional disclosure is not relevant to his action and would jeopardize VPX's ability to protect its proprietary formula. (*Id.*)

As detailed in Monster's Letter Brief below, VPX's arguments are insufficient to protect against disclosure:

---

[1] "Exhibits" are references to the exhibits attached to this letter.

# HUESTON HENNIGAN LLP

"[C]ourts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure." Fed. R. Civ. P. 26 advisory committee's note (1970). District courts examine two factors to evaluate motions to compel documents that the answering party claims contain its proprietary and trade secret information.

*First*, courts examine whether "the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial." *AECOM Energy & Const., Inc. v. Ripley*, 2018 WL 4705914, at *2-3 (C.D. Cal. Apr. 26, 2018) (internal citations omitted). *Second*, courts require "'the party opposing discovery [to] show that the information is 'a trade secret or other confidential research, development, or commercial information' under Rule 26, and that its disclosure would be harmful to the party's interest in the property.'" *Id.* (internal citations omitted).

### A.     The BANG Formula is Relevant and Necessary for Monster to Prosecute Its Claims Against VPX

Pursuant to Fed. R. Civ. P. 26(b)(1), "relevant information" is information "that is relevant to any party's claim or defense," factoring in the needs of the case and positions of the parties. And "[t]he level of necessity that must be shown is that the information must be necessary for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." *Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985).

Here, a central allegation in Monster's action is that even if creatyl-L-leucine (the supposed "Super Creatine" in BANG) were potent, there is not enough of it in BANG for it to materially impact the body. (ECF 61 ¶ 54; ECF 95 (MTD Order) at 14 (describing allegation as "specific and fully consistent").) This allegation is a basis for **three** of Monster's causes of action. (*Id.* ¶ 122 (Lanham Act false advertising); *id.* ¶ 132 (UCL violation); *id.* ¶ 141 (FAL violation).) The BANG formula is thus not only relevant, but central to proving that VPX is falsely advertising by not including enough creatyl-L-leucine in BANG for it to have a positive health effect. *See, e.g., Chavez v. Nestle USA, Inc.*, 511 F. App'x 606, 607 (9th Cir. Feb. 12, 2013) (product containing "very small amounts" of ingredient constitutes false advertising); *Yacu v. All Am. Pharm.*, 2013 WL 12324400, at *5–6 (C.D. Cal. July 24, 2013) (false statement where consumer would need to take "five times the recommended daily dosage of the Product" to achieve effects).

The preliminary injunction ("PI") proceedings also prove why the entire BANG formula is necessary. In support of its PI motion, Monster submitted product testing evidence to show the inadequate amount of creatyl-L-leucine in BANG. (ECF 67-3 at 11.) In opposition, VPX argued that the testing was insufficient because it did not, among other things, test all different flavors of BANG, or factor in how the amounts of the other

# HUESTON HENNIGAN LLP

ingredients in BANG with creatyl-L-leucine could create a positive health effect.  (ECF 96 at 16 (citing BANG study); *id.* at 17-18 (need to test of representative number of each of more than 20 flavors).  The Court adopted VPX's arguments at the PI stage.  (ECF 122 at 6-7 ("Nor has Monster submitted evidence that that other ingredients touted by BANG – including caffeine, CoQ10, and BCAAs – are not present in sufficient quantities to have some performance benefits).)

Without the production of the BANG formula, VPX would undoubtedly require Monster to test multiple cans of *every flavor* of BANG.  And, even if Monster did so, VPX would likely still claim that Monster did not test the product correctly.  In contrast, if VPX simply produced the BANG formula, this needless and expensive testing could be avoided altogether.  The factfinder would know definitively how much creatyl-L-leucine and other related ingredients are in BANG and could focus on the merits of the false advertising claim.  *See Coca-Cola*, 107 F.R.D. at 297-300 (ordering production of the Coca-Cola formula as necessary to litigation).

Finally, there is no risk of competitive harm from disclosure because the Court has already entered an attorneys' eyes only protective order for highly confidential information that limits disclosure solely to the outside law firms in this litigation.  (ECF 125.)  *See Beaver County Employers Retirement Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *5 (N.D. Cal. June 7, 2016) (holding that "attorneys' eyes only protective order[s]…alleviate any trade secret concerns.").

## B.    VPX Does Not Sufficiently Protect Formulas of Its Key Products

VPX also cannot meet its burden to establish that it is critical to protect the amounts of ingredients in the BANG formula from disclosure.  *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) (responding party must show that it has "taken reasonable steps to assure the confidentiality of th[e] information and to prevent its disclosure to third parties").

For example, despite its refusal here to provide the amounts of any ingredient other than caffeine, VPX recently publicly disclosed that its product testing revealed the amount of CoQ10 in BANG: "BANG contains 5.68 ppm (or 2.7mg) [of CoQ10]."  (*See* Exhibit C ¶ 144.)  VPX has also publicly disclosed detailed ingredient amounts – including creatyl-L-leucine, creatine, and/or BCAAs – for its other top-selling products: Redline (*see* Exhibit D); and BANG Master Blaster (*see* Exhibit E).  VPX's unsupported assertion in this litigation that it is critical to protect the amounts of the same ingredients in BANG from disclosure is therefore not credible.  *See Nat'l Academy*, 256 F.R.D. at 683 ("Without any declarations to support its confidentiality claim, the Court cannot simply assume defendant keeps this information confidential.").

# HUESTON HENNIGAN LLP

Sincerely,

Steven N. Feldman

Attachments

cc:    Counsel of Record

# EXHIBIT A

M. D. SCULLY (SBN 135853)
mscully@grsm.com
TIMOTHY K BRANSON (SBN 187242)
tbranson@grsm.com
SEAN P. FLYNN (SBN: 220184)
sflynn@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
PETER G. SIACHOS (*Appearing Pro Hac Vice*)
psiachos@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA  92101
Phone:  (619) 230-7441
Fax:  (619) 696-7124

MARC J. KESTEN  (SBN:  152741)
FRANCIS MASSABKI  (pro hac vice)
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Phone:  (954) 641-0570
Fax:  (954) 389-6254
Legal@vpxsports.com

Attorneys for Defendants
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS;
and JOHN H. OWOC, a.k.a. JACK OWOC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>      Plaintiff,<br><br> vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual<br><br>      Defendants. | CASE NO. 5:18-cv-01882-JGB-SHK<br><br>**DEFENDANT VITAL PHARMACEUTICALS, INC., D/B/A VPX SPORTS' RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Judge:  Hon. Jesus G. Bernal<br>Courtroom 1<br><br>Complaint filed: Sept. 04, 2018 |

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**      **Case No. 18-cv-01882**

PROPOUNDING PARTY:      Plaintiff, MONSTER ENERGY COMPANY

RESPONDING PARTY:       Defendant, VITAL PHARMACEUTICALS,

                           INC., d/b/a VPX SPORTS

SET NO.:                 ONE

     Defendant VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS ("Responding Party") responds to the Special Interrogatories, Set ONE, of Plaintiff MONSTER ENERGY COMPANY ("Propounding Party") as follows:

     1.     There is no Stipulated Protective Order in place in this matter. Although the parties have met and conferred regarding a Stipulated Protective Order, they have yet to come to an agreement.  Until a Protective Order is in place, Responding Party will not produce responses, documents, data, or information that is proprietary, confidential, trade secret, or otherwise harmful if disclosed.

     2.     These Interrogatories seek all documents and communications, including electronically stored information ("ESI").  The parties have begun to meet and confer to establish ESI/document production protocols, identify custodians, and propose search terms and date ranges.  To facilitate this process, the parties have agreed to exchange names of potential custodians on June 25, 2019, along with dates of employment and a brief statement as to relevance; and to propose search terms and date ranges on July 2, 2019. The parties have agreed to continue their discussion regarding narrowing, scope, and burden.  Responding Party reserves the right to further object to Interrogatories that are unduly burdensome or harassing or otherwise objectionable as discovery continues.

     3.     Discovery is ongoing.  Responding Party's responses to these Interrogatories are made to the best of his present knowledge, information, and belief.  Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on the present state of Responding Party's recollection, are subject to refreshing of such recollection with such additional knowledge or facts that may result from further

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-2-

discovery or investigation.  Responding Party reserves his right to make any use of, or to introduce at any hearing and at trial, information responsive to these Interrogatories that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained and discovered herein.

4.    Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege, or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

5.    Responding Party reserves the right to object on any ground at any time to such other or supplemental discovery as Propounding Party may propound involving or relating to the subject matter of these Interrogatories.

6.    Responding Party objects to the extent these Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege and/or other applicable privileged or protection.  Such information shall not be provided in response.  Any inadvertent disclosure thereof shall not be deemed a waiver.

7.    Responding Party objects to the extent these Interrogatories seek to require Responding Party to identify persons, entities, or events not known on the grounds that such instructions, definitions, or Interrogatories are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue annoyance, oppression, burden, and expense, and seek to impose upon Responding Party an obligation to investigate and discover information and materials from third parties or sources that are equally accessible to Propounding Party such as, for example and without limitation, research, articles, press releases, blogs, social media posts or comments, product reviews, and publicly available websites.

8.    Responding Party objects to words and excerpts of phrases inserted

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-3-

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

1   into discovery in quotes, as those quotes are missing context, framing, meaning,

2   and are not provided with the date, time, and location of the quote or whether the

3   quoted language was written or stated, in a video or other recording.  Responding

4   Party objects to the use of terms defined by Propounding Party in Interrogatories

5   and then referred to in quotes or in relation to excerpted words from quotes to the

6   extent the words were used in a manner inconsistent with the way Propounding

7   Party used the words in the quote.

8         9.    Responding Party objects to the definition of "BANG" as vague,

9   ambiguous, overbroad, and harassing.  Propounding Party defines BANG in these

10  Interrogatories as "the Bang Energy line of energy drink products."  Yet,

11  Propounding Party's First Amended Complaint (ECF 61, "FAC") defines "BANG"

12  both more broadly and more narrowly than as defined in the Interrogatories.

13  Paragraphs 44, 56, 68, for example, explicitly limit Propounding Party's claims to

14  products with certain images of products and certain words on the package, such as

15  those cans that contain the words "Super Creatine" (*e.g.*, Paragraph 44; *see also*,

16  Paragraphs 3, 4, 45-56), or containing United States Patent Number 8,445,466

17  (e.g., Paragraphs 60-62, 68), or containing certain advertised ingredients on the

18  label (*e.g.*, Paragraph 56: "Each can of BANG states: 'Power up with BANG's

19  potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs.'"; *see*

20  *also*, Paragraph 84).  Propounding Party further uses an inconsistently broad

21  definition in footnote 1 of the FAC:

        VPX began selling BANG to consumers in 2012. VPX currently
22          produces and sells over a dozen flavors of BANG, including caffeine-
23          free flavors.

24        Accordingly, for all Interrogatories that seek documents or communications

25  related to BANG, Responding Party requests a time to meet and confer to

26  consistently define and narrow the Request.

27        10.    Responding Party further objects to the definition of "SUPER

28  CREATINE" as "the 'stable aqueous compositions comprising amide-protected

-4-

creatine species' identified in the '466 PATENT" as vague and ambiguous and not
consistent with Propounding Party's use of the term in the FAC (*e.g.*, Paragraph
44; *see also*, Paragraphs 3, 4, 45-56).

11.     Responding Party further objects to these Interrogatories to the extent
they seek documents from an individual that may be in the possession, custody, or
control of a corporate defendant, as such discovery is duplicate, cumulative,
unduly burdensome, harassing, and not proportional to the needs of this case under
Rule 26(b)(1) to the individual.  As disclosed in Defendants' Initial Disclosures,
Owoc is VPX's Chief Executive Officer, President, and Chief Scientific Officer, so
most Interrogatories propounded on him will be redundant with respect to similar
Interrogatories served on VPX unless personal in nature and unrelated to VPX.  To
the extent a similar Interrogatory is propounded on corporate Defendant VPX
seeking these documents and the documents are not personal in nature to
individual Defendant Owoc, these Interrogatories are duplicative and any non-
privileged, responsive documents in the possession, custody, and control of VPX
will be produced by VPX, withheld by VPX, or subject to VPX's objections,
including but not limited to privilege.  These documents will not be redundantly
produced by the individual Defendant Owoc.  In addition to those general and
specific objections raised by Responding Party, Responding Party expressly
incorporates by reference all general and specific Objections raised by VPX in
response to each and every duplicative Request.

12.     Responding Party further objects to these Interrogatories to the extent
they seek information and documents from a corporate defendant that may be in
the possession, custody, or control of third parties or another defendant, as such
discovery is duplicate, cumulative, unduly burdensome, harassing, and not
proportional to the needs of this case under Rule 26(b)(1) to the individual.  As
disclosed in Defendants' Initial Disclosures, Owoc is VPX's Chief Executive
Officer, President, and Chief Scientific Officer, so most discovery Requests

-5-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE**                    **Case No. 18-cv-01882**

propounded on him will be redundant with respect to similar Requests served on VPX unless personal in nature and unrelated to VPX. To the extent a redundant Interrogatory is propounded on corporate Defendant VPX seeking information and documents and the information and documents are personal in nature to individual Defendant Owoc, this Interrogatory is duplicative and any non-privileged, responsive documents in the possession, custody, and control of Owoc will be produced by Owoc, withheld by Owoc, or subject to Owoc's objections, including but not limited to privilege. The information and documents will not be redundantly produced by the corporate defendant VPX. In addition to those general and specific objections raised by Responding Party, Responding Party expressly incorporates by reference all general and specific Objections raised by Owoc in response to each and every duplicative Request.

## SPECIFIC RESPONSES
## TO SPECIAL INTERROGATORIES

Without waiving or rebutting in any manner any of the foregoing general objections, but rather incorporating them into each of the following responses to the extent applicable, Responding Party responds to Propounding Party's special interrogatories as follows:

## SPECIAL INTERROGATORY NO. 1:

State the formula for YOUR BANG energy drink, including the amount used of each ingredient. To the extent the formula is different for each flavor of BANG, state the formula for each flavor.

## RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to this Interrogatory to the extent it seeks privileged attorney client communications or work product. Responding Party further objects to this Interrogatory on the basis that it seeks information that is confidential and proprietary in nature and, as such, will not be produced until a Protective Order is in place. Responding Party objects to this Interrogatory as

DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE          Case No. 18-cv-01882

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

seeking proprietary information regarding trade secrets, including ingredients, recipes, formulations, formulae, which would be extremely detrimental to Defendant if disseminated or distributed publicly or if provided to Responding Party's competitors or potential competitors.  Responding Party further objects to this Interrogatory as vague as to scope and time and seeking irrelevant information and documents.  Responding Party further objects to this Interrogatory as unduly burdensome, harassing, and not proportional to the needs of this case under Rule 26(b)(1).  Responding Party objects to this Interrogatory as vague and ambiguous as to the scope and time.  Responding Party objects to the definition of "BANG" as vague, ambiguous, overbroad, and harassing.  Defendant objects to this Interrogatory as vague and ambiguous with respect to the undefined terms "formula," "amount," "ingredient," and "flavor."  Responding Party further objects to this Interrogatory to the extent this Interrogatory seeks information subject to expert analysis or opinion.  To the extent information will be analyzed by an expert, such information may be provided in an expert's report as set forth according to the Court's schedule.  Further, this Interrogatory appears to be duplicative of document requests, including specifically request no. 4 which seeks "All DOCUMENTS and COMMUNICATIONS relating to YOUR studies, research, and tests of BANG products, including but not limited to:

    a.    The amount of creatine in BANG products;

    b.    The amount of SUPER CREATINE in BANG products;

    c.    The amount of creatine in SUPER CREATINE;

    d.    The incremental effect of including additional SUPER CREATINE in BANG products;

    e.    The contents of BANG products;

    f.    Comparisons between BANG products and products manufactured or sold by MONSTER;

    g.    The health impacts of creatyl-L-leucine; and

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-7-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**    **Case No. 18-cv-01882**

1        h.     Discussions or analyses relating to creatinine."

2        Further, this Interrogatory is duplicative of request no. 50 which seeks "All

3   DOCUMENTS and COMMUNICATIONS relating to the formulation or changes

4   to the formulation of BANG products."  Responding Party incorporates by

5   reference all objections made in response to Request for Documents, including but

6   not limited to Nos. 4 and 50.

7        Subject to the foregoing general and specific objections, Defendant responds

8   as follows:

9        It is undisputed that certain BANG products contain a form of creatine,

10  creatyl-L-leucine, which combines creatine and an amino acid, leucine.  Creatyl-L-

11  leucine in certain BANG products is branded under the trademark SUPER

12  CREATINE.  Responding Party also incorporates by reference the declaration by

13  Dr. Li in support of Defendants' Opposition to Monster's Motion for a Preliminary

14  Injunction (ECF 100 and exhibits 100-1 through 100-3).  Responding Party will

15  not produce its proprietary and trade secret formulas to a competitor, Monster, who

16  just introduced a knock-out drink, REIGN, to compete against Responding Party's

17  BANG® energy drink.  Responding Party may supplement this response to provide

18  certain, redacted information sought by this Interrogatory that is relevant to the

19  question of Creatyl-L-Leucine in certain BANG® drinks, but Responding Party

20  will not produce its proprietary formulas and lists of amounts for all ingredients in

21  all BANG® drinks.  Responding Party further objects to the extent the relevant

22  information sought by this Interrogatory is duplicative of other Interrogatories

23  (e.g., No. 2) and requests for production of documents.  Pursuant to Federal Rule

24  of Civil Procedure 33(d), Defendant reserves the right to produce business records

25  in this action from which the answer to the reasonable scope of this Interrogatory

26  may be ascertained. The answer to this Interrogatory may be determined by

27  examining, auditing, compiling, abstracting, or summarizing Responding Party

28  business records (including electronically stored information), and the burden of

**Gordon Rees Scully Mansukhani, LLP**
**101 W Broadway, Suite 2000**
**San Diego, CA  92101**

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S**
**SPECIAL INTERROGATORIES, SET ONE**       **Case No. 18-cv-01882**

deriving or ascertaining the answer will be substantially the same for either party. Responding Party will meet and confer with Propounding Party to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, or control sufficient to respond to this Request is proportionate to the needs of this case and will be produced subject to a Protective Order.  Specifically, Responding Party will continue to meet and confer with Propounding Party regarding ESI protocols, custodians, search terms, and date ranges.

**SPECIAL INTERROGATORY NO. 2:**

If YOU contend that BANG contains creatine, state all bases for YOUR contention.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects to the extent this Interrogatory is duplicative of Interrogatory No. 1.  Responding Party objects to this Interrogatory to the extent it seeks privileged attorney client communications or work product.  Responding Party further objects to this Interrogatory on the basis that it seeks information that is confidential and proprietary in nature and, as such, will not be produced until a Protective Order is in place.  Responding Party objects to this Interrogatory as seeking proprietary information regarding trade secrets, including ingredients, recipes, formulations, formulae, which would be extremely detrimental to Defendant if disseminated or distributed publicly or if provided to Responding Party's competitors or potential competitors.  Responding Party further objects to this Interrogatory as vague as to scope and time and seeking irrelevant information and documents.  Responding Party further objects to this Interrogatory as unduly burdensome, harassing, and not proportional to the needs of this case under Rule 26(b)(1).  Responding Party objects to this Interrogatory as vague and ambiguous as to the scope and time.  Responding Party objects to the definition of "BANG" as vague, ambiguous, overbroad, and harassing.  Defendant objects to this

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-9-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**                                    **Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

Interrogatory as vague and ambiguous with respect to the undefined terms "contains" and "creatine."  Responding Party further objects to this Interrogatory to the extent this Interrogatory seeks information subject to expert analysis or opinion.  To the extent information will be analyzed by an expert, such information may be provided in an expert's report as set forth according to the Court's schedule.  Further, this Interrogatory appears to be duplicative of document requests, including specifically request no. 4 which seeks "All DOCUMENTS and COMMUNICATIONS relating to YOUR studies, research, and tests of BANG products, including but not limited to:

    a.    The amount of creatine in BANG products;

    b.    The amount of SUPER CREATINE in BANG products;

    c.    The amount of creatine in SUPER CREATINE;

    d.    The incremental effect of including additional SUPER CREATINE in BANG products;

    e.    The contents of BANG products;

    f.    Comparisons between BANG products and products manufactured or sold by MONSTER;

    g.    The health impacts of creatyl-L-leucine; and

    h.    Discussions or analyses relating to creatinine."

Further, this Interrogatory is duplicative of request no. 50 which seeks "All DOCUMENTS and COMMUNICATIONS relating to the formulation or changes to the formulation of BANG products."  Responding Party incorporates by reference all objections made in response to Request for Documents, including but not limited to Nos. 4 and 50.  Responding Party further objects to this Interrogatory as seeking information that calls for a legal conclusion.

Subject to the foregoing general and specific objections, Defendant responds as follows:

It is undisputed that many forms of creatine exist in the marketplace,

-10-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**    **Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

including formulations combining creatine with amino acids.  It is also undisputed that certain BANG products contain a form of creatine, creatyl-L-leucine, which combines creatine with the amino acid, leucine.  Creatyl-L-leucine in certain BANG products is branded under the trademark SUPER CREATINE.  Responding Party also incorporates by reference the declaration by Dr. Li in support of Defendants' Opposition to Monster's Motion for a Preliminary Injunction (ECF 100 and exhibits 100-1 through 100-3).  Responding Party also incorporates by reference exhibits to the Declaration of Steven Feldman in support of Monster's Motion for a Preliminary Injunction (ECF 69, Exhibits 24 and 25, Thomas W. Buford, et al., <u>International Society of Sports Nutrition position stand: creatine supplementation and exercise</u>, J. Int. Soc. Sports. Nutr., Aug. 2007; see also Robert Cooper, et al., <u>Creatine supplementation with specific view to exercise/sports performance: an update</u>, J. Int. Soc. Sports. Nutr., July 2012, respectively).

This Interrogatory appears to seek expert testimony, which is improper prior to the deadline for expert reports.  Expert reports and testimony will be served according to the Federal Rules and the Court's schedule.  This Interrogatory appears to seek documents from third parties: "all bases for YOUR contention." Propounding Party will not produce "all" bases or DOCUMENTS in response to this Interrogatory.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant reserves the right to produce business records in this action from which the answer to the reasonable scope of this Interrogatory may be ascertained. The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Responding Party will meet and confer with Propounding Party to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, or control sufficient to respond to this Request is proportionate to the needs of this case and

-11-

1   will be produced subject to a Protective Order.  Specifically, Responding Party will

2   continue to meet and confer with Propounding Party regarding ESI protocols,

3   custodians, search terms, and date ranges.

4   **SPECIAL INTERROGATORY NO. 3:**

5        If YOU contend that BANG contains creatine, identify all publications,

6   research papers, and DOCUMENTS supporting YOUR claim, and ***how*** that source

7   supports YOUR claim that BANG contains creatine.

8   **RESPONSE TO INTERROGATORY NO. 3:**

9        Responding Party objects to this Interrogatory to the extent it is duplicative

10  of Interrogatory No. 2.  Responding Party objects to this Interrogatory to the extent

11  it seeks privileged attorney client communications or work product.  Responding

12  Party further objects to this Interrogatory on the basis that it seeks information that

13  is confidential and proprietary in nature and, as such, will not be produced until a

14  Protective Order is in place.  Responding Party objects to this Interrogatory as

15  seeking proprietary information regarding trade secrets, including ingredients,

16  recipes, formulations, formulae, which would be extremely detrimental to

17  Defendant if disseminated or distributed publicly or if provided to Responding

18  Party's competitors or potential competitors.  Responding Party further objects to

19  this Interrogatory as vague as to scope and time and seeking irrelevant information

20  and documents.  Responding Party further objects to this Interrogatory as unduly

21  burdensome, harassing, and not proportional to the needs of this case under Rule

22  26(b)(1).  Responding Party objects to this Interrogatory as vague and ambiguous

23  as to the scope and time.  Responding Party objects to the definition of "BANG" as

24  vague, ambiguous, overbroad, and harassing.  Defendant objects to this

25  Interrogatory as vague and ambiguous with respect to the undefined terms

26  "contains," "creatine," "that source," and "supports."  Responding Party further

27  objects to this Interrogatory to the extent this Interrogatory seeks information

28  subject to expert analysis or opinion.  To the extent information will be analyzed

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-12-

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

by an expert, such information may be provided in an expert's report as set forth according to the Court's schedule.  Further, this Interrogatory appears to be duplicative of document requests, including specifically request no. 4 which seeks "All DOCUMENTS and COMMUNICATIONS relating to YOUR studies, research, and tests of BANG products, including but not limited to:

a.   The amount of creatine in BANG products;

b.   The amount of SUPER CREATINE in BANG products;

c.   The amount of creatine in SUPER CREATINE;

d.   The incremental effect of including additional SUPER CREATINE in BANG products;

e.   The contents of BANG products;

f.   Comparisons between BANG products and products manufactured or sold by MONSTER;

g.   The health impacts of creatyl-L-leucine; and

h.   Discussions or analyses relating to creatinine."

Further, this Interrogatory is duplicative of request no. 50 which seeks "All DOCUMENTS and COMMUNICATIONS relating to the formulation or changes to the formulation of BANG products."  Responding Party incorporates by reference all objections made in response to Request for Documents, including but not limited to Nos. 4 and 50.  Responding Party further objects to the extent this request seeks information from third-parties.  Responding Party further objects to this Interrogatory as seeking information that calls for a legal conclusion.

Subject to the foregoing general and specific objections, Defendant responds as follows:

It is undisputed that many forms of creatine exist in the marketplace, including formulations combining creatine with amino acids.  It is also undisputed that certain BANG products contain a form of creatine, creatyl-L-leucine, which combines creatine with the amino acid, leucine.  Creatyl-L-leucine in certain

-13-

**Gordon Rees Scully Mansukhani, LLP**
**101 W Broadway, Suite 2000**
**San Diego, CA 92101**

BANG products is branded under the trademark SUPER CREATINE.  Responding Party also incorporates by reference the declaration by Dr. Li in support of Defendants' Opposition to Monster's Motion for a Preliminary Injunction (ECF 100 and exhibits 100-1 through 100-3).  Responding Party also incorporates by reference exhibits to the Declaration of Steven Feldman in support of Monster's Motion for a Preliminary Injunction (ECF 69, Exhibits 24 and 25, Thomas W. Buford, et al., <u>International Society of Sports Nutrition position stand: creatine supplementation and exercise</u>, J. Int. Soc. Sports. Nutr., Aug. 2007; see also Robert Cooper, et al., <u>Creatine supplementation with specific view to exercise/sports performance: an update</u>, J. Int. Soc. Sports. Nutr., July 2012, respectively).

This Interrogatory appears to seek expert testimony, which is improper prior to the deadline for expert reports.  Expert reports and testimony will be served according to the Federal Rules and the Court's schedule.  This Interrogatory specifically seeks documents from third parties: "all publications, research papers, and DOCUMENTS supporting YOUR claim."  Propounding Party will not produce "all" DOCUMENTS in response to this Interrogatory.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant reserves the right to produce business records in this action from which the answer to the reasonable scope of this Interrogatory may be ascertained. The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Responding Party will meet and confer with Propounding Party to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, or control sufficient to respond to this Request is proportionate to the needs of this case and will be produced subject to a Protective Order.  Specifically, Responding Party will continue to meet and confer with Propounding Party regarding ESI protocols, custodians, search terms, and

-14-

1    date ranges.

2    **SPECIAL INTERROGATORY NO. 4:**

3       If YOU contend that the "Super Creatine" in BANG creates positive health

4 effects for drinkers, identify all publications, research papers, and DOCUMENTS

5 supporting YOUR claim, and how that source supports YOUR claim that the

6 "Super Creatine" in BANG creates positive health effects for drinkers.

7    **RESPONSE TO INTERROGATORY NO. 4:**

8       Responding Party objects to this Interrogatory to the extent it seeks

9 privileged attorney client communications or work product.  Responding Party

10 further objects to this Interrogatory on the basis that it seeks information that is

11 confidential and proprietary in nature and, as such, will not be produced until a

12 Protective Order is in place.  Responding Party objects to this Interrogatory as

13 seeking proprietary information regarding trade secrets, including ingredients,

14 recipes, formulations, formulae, which would be extremely detrimental to

15 Defendant if disseminated or distributed publicly or if provided to Responding

16 Party's competitors or potential competitors.  Responding Party further objects to

17 this Interrogatory as vague as to scope and time and seeking irrelevant information

18 and documents.  Responding Party further objects to this Interrogatory as unduly

19 burdensome, harassing, and not proportional to the needs of this case under Rule

20 26(b)(1).  Responding Party objects to this Interrogatory as vague and ambiguous

21 as to the scope and time.  Responding Party objects to the definitions of "BANG"

22 and "SUPER CREATINE" as vague, ambiguous, overbroad, and harassing.

23 Defendant objects to this Interrogatory as vague and ambiguous with respect to the

24 undefined terms "supporting," "YOUR claim," "positive health effects," "health

25 effects."  Responding Party further objects to this Interrogatory to the extent this

26 Interrogatory seeks information subject to expert analysis or opinion.  To the extent

27 information will be analyzed by an expert, such information may be provided in an

28 expert's report as set forth according to the Court's schedule.  Further, this

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

-15-

Interrogatory appears to be duplicative of document requests, including specifically request no. 4 which seeks "All DOCUMENTS and COMMUNICATIONS relating to YOUR studies, research, and tests of BANG products, including but not limited to:

     a.    The amount of creatine in BANG products;

     b.    The amount of SUPER CREATINE in BANG products;

     c.    The amount of creatine in SUPER CREATINE;

     d.    The incremental effect of including additional SUPER CREATINE in BANG products;

     e.    The contents of BANG products;

     f.    Comparisons between BANG products and products manufactured or sold by MONSTER;

     g.    The health impacts of creatyl-L-leucine; and

     h.    Discussions or analyses relating to creatinine."

Further, this Interrogatory is duplicative of request no. 50 which seeks "All DOCUMENTS and COMMUNICATIONS relating to the formulation or changes to the formulation of BANG products." Responding Party incorporates by reference all objections made in response to Request for Documents, including but not limited to Nos. 4, 36, 37, 48, and 50. Responding Party further objects to the extent this request seeks information from third-parties. Responding Party further objects to this Interrogatory as seeking information that calls for a legal conclusion.

Subject to the foregoing general and specific objections, Defendant responds as follows:

Even though Responding Party is responding to this Interrogatory, Responding Party does not have the burden of proof as to the topic raised in this Interrogatory. *See e.g.*, Order Denying Monster's Motion for a Preliminary Injunction, dated June 6, 2019, ECF 122, page 6. For example, Propounding Party has the burden of demonstrating that Creatyl-L-Leucine does not provide the

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**    **Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

benefits of creatine.  This Interrogatory appears to seek expert testimony, which is improper prior to the deadline for expert reports.  Expert reports and testimony will be served according to the Federal Rules and the Court's schedule.  Responding Party reserves the right to provide a rebuttal to Propounding Party's position after Propounding Party provides its position, evidence, expert reports, or testimony.  Responding Party incorporates by reference the declaration by Dr. Li in support of Defendants' Opposition to Monster's Motion for Preliminary Injunction, including Exhibit L3 (ECF 100 and exhibits 100-1 through 100-3).  Exhibit L3 to Dr. Li's Declaration is a true and correct copy of the poster presentation for this latest study of BANG®.  VPX sponsored a double-blind, placebo-controlled, crossover trial study of BANG®, performed by Nova Southeastern University, entitled "The Effects of BANG® Energy on Psychomotor Vigilance," by Christopher Horn, Madaline Kenyon, Cassandra Carson, Anya Ellerbrock, Lia Jiannine, Tobin Silver, Corey Peacock, Jaime Tartar, and Jose Antonio.  In conclusion, the BANG® energy drink resulted in a significantly lower (i.e., faster) ($p < 0.05$) psychomotor vigilance mean reaction time versus the placebo as well as fewer lapses. Creatyl-L-leucine in certain BANG products is branded under the trademark SUPER CREATINE.

This Interrogatory specifically seeks documents from third parties: "all publications, research papers, and DOCUMENTS supporting YOUR claim." Propounding Party will not produce "all" DOCUMENTS in response to this Interrogatory.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant reserves the right to produce business records in this action from which the answer to the reasonable scope of this Interrogatory may be ascertained. The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party.  Responding Party will meet and confer

-17-

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

with Propounding Party to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, or control sufficient to respond to this Request is proportionate to the needs of this case and will be produced subject to a Protective Order.  Specifically, Responding Party will continue to meet and confer with Propounding Party regarding ESI protocols, custodians, search terms, and date ranges.

**SPECIAL INTERROGATORY NO. 5:**

State the locations and custodians of all DOCUMENTS and nonwritten files—including video and audio files—relating to the allegations and claims in Monster's First Amended Complaint (ECF 61).

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party objects to this Interrogatory to the extent it seeks privileged attorney client communications or work product.  Responding Party further objects to this Interrogatory on the basis that it seeks information that is confidential and proprietary in nature and, as such, will not be produced until a Protective Order is in place.  Responding Party further objects to this Interrogatory as vague as to scope and time and seeking irrelevant information and documents.  Responding Party further objects to this Interrogatory as unduly burdensome, harassing, and not proportional to the needs of this case under Rule 26(b)(1).  Responding Party objects to this Interrogatory as vague as to scope and time and seeking irrelevant information and documents.  Responding Party further objects to this Interrogatory as unduly burdensome, harassing, and not proportional to the needs of this case under Rule 26(b)(1).  Responding Party will not go through the First Amended Complaint ("FAC") and object to each term or undefined term which is vague, ambiguous, or otherwise objectionable, as that would be harassing and burdensome.  Responding Party objects to the extent this Request seeks information from Propounding Party, third parties, or publicly available information.  This Interrogatory specifically seeks documents from third parties:

-18-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**                    **Case No. 18-cv-01882**

"all DOCUMENTS and nonwritten files—including video and audio files—relating to the allegations and claims."  Propounding Party will not produce "all" DOCUMENTS in response to this Interrogatory.  Responding Party avers that Propounding Party has information "relating" to the allegations and claims Propounding Party made in the FAC.  In order to respond to this Interrogatory, Responding Party would have to evaluate over 200 paragraphs of allegations and claims, four of which were dismissed.  Responding Party objects to this Interrogatory as seeking information with respect to claims that were dismissed.  Plaintiff's Fourth Cause of Action for Trade Libel (Paragraph Nos. 148 through 151), Seventh Cause of Action for Conversion (Paragraph Nos. 166 through 170), Eighth Cause of Action for violation of California Penal Code section 496 (Paragraph Nos. 171 through 177), and Ninth Cause of Action for False Patent Marking (Paragraph Nos. 178 through 183) were each asserted in the FAC and subsequently dismissed pursuant to this Court's May 20, 2019 Order on Defendants' Motion to Dismiss for Failure to State a Claim.  (ECF No. 95 (Order dismissing four of Plaintiff's causes of action in the FAC).)  Those paragraphs 148-151, 166-183 repeat and re-allege information alleged in other paragraphs in the FAC.  Plaintiff did not file an amended complaint in response to the Order dismissing these claims in the FAC.  Responding Party incorporates by reference its Answer filed on July 2, 2019 (ECF 123) and any Answer(s) filed with the Court subsequent to the date of service of this Interrogatory response.  Further, Responding Party incorporates by reference where Responding Party stated it denied an allegation or lacked knowledge or information sufficient to form a belief as to allegations in the FAC.  Responding Party will not provide a list of all current and former employees who may have some knowledge of some allegation made in a FAC that contains over 200 paragraphs of allegations, many of which refer to advertisements or statements allegedly made publicly.  Responding Party objects to the extent this Interrogatory is duplicative of requests for production of documents

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

1    served already or yet to be served.  Responding Party incorporates by reference all

2    objections made in response to Requests for Production of Documents served on

3    Owoc and VPX.  Responding Party will not repeat in this response all the

4    objections to the Requests for Production of Documents already served on Owoc

5    (set one, Nos. 1-85) and VPX (set one, Nos. 1-85) or that will be served in the

6    future.  This Interrogatory seeks information regarding documents and nonwritten

7    files that may be within the scope of electronic requests for emails, and the Parties

8    are meeting and conferring regarding document production, including custodians,

9    search terms, and objections.  Responding Party will not produce documents that

10   are publicly available in response to this Request.  Responding Party has no

11   obligation to investigate and discover information and materials from third parties

12   or sources that are equally accessible to Propounding Party such as, for example

13   and without limitation, posted videos.  Responding Party further objects to this

14   Interrogatory as seeking information that calls for expert opinion or a legal

15   conclusion.

16          Subject to the foregoing general and specific objections, Responding Party

17   responds as follows:

18          To the extent this Interrogatory seeks information consistent with the Initial

19   Disclosures, VPX has already responded to this Interrogatory in a manner

20   consistent with its obligations and subject to supplementing.  Responding Party

21   incorporates by reference the Initial Disclosures served by the Parties in this case,

22   which listed possible custodians and locations of documents, as well as any

23   subsequent supplemental disclosures.  Defendants' Initial Disclosures stated, in

24   part: "These documents are located at one or more offices of Defendants or their

25   counsel, or are in the possession, custody, or control of Plaintiff or Plaintiff's

26   counsel or third parties. Defendants note that some of these documents and things

27   are publicly available, for instance through the USPTO website, through publicly

28   available websites, including VPX's websites, Defendants' social media, third

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

-20-

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

parties' websites/social media, or publicly available for purchase such as the products at issue. Defendants reserve the right to rely on any documents produced by Plaintiff, Defendants, or any third party during the course of this action." Monster's Initial Disclosures stated: "To the extent relevant documents consist of electronically stored information ("ESI"), such ESI resides on Monster's computer systems and equipment. To the extent relevant documents consist of paper records and tangible things, they are in the custody of various Monster employees. Monster continues to search for additional documents that it may use to support its claims or defenses and, without in any way obligating itself to do so, expressly reserves the right to supplement, modify, and/or amend its production with such additional documents or information."

Responding Party also incorporates by reference the list of possible custodians exchanged between counsel for Responding Party and Monster during meet and confer correspondence, including via email on June 25, 2019.  In that communication, the following list of 15 potential VPX custodians were referenced for furthering the meet and confer process on ESI/emails, with the right reserved to revise this list as discovery continues.  The topics listed are to reflect that these employees may have responsive documents for certain topics, but there is no guarantee that they are a custodian of non-duplicative, relevant, responsive, non-privileged records, particularly for forthcoming key word search terms provided during the date range of employment for any of the specific categories listed.  The information below contains the name, title, potential relevance as a custodian (i.e., they may have documents relating to topics including those listed below), and date range of employment.  The reference to "present" is the date the email was sent, June 25, 2019.

> 1. Brent Boucaud, VPX - Accounting Consultant; Financial matters related to VPX's product development, testing, manufacturing, distribution, marketing, media, and sales. 12/17/2013 - 11/22/2017

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE          Case No. 18-cv-01882**

(currently an outside consultant).

2.  John H. Owoc, VPX - Chief Executive Officer, President and Chief Scientific Officer; The claims against Defendants and defenses of Defendants, Defendants' company information, and the products at issue. 8/1/1996 – Present.

3.  Alejandra Gonzalez, VPX – former Customer Service Representative; Marketing, advertising, promotion, social media. From 09/04/2018 to 06/17/2019.

4.  Sury Rodriguez, VPX - Director of Finance; Financial matters related to VPX's product development, testing, manufacturing, distribution, marketing, media, and sales. 06/04/2018 – Present.

5.  Meg Liz Owoc, VPX - Director of Marketing; Marketing, advertising, promotion, social media. 11/02/2010 – Present.

6.  Gene Bukovi, VPX - Executive Vice President of Sales; Marketing, advertising, promotion, distribution, sales. VPX's dealings with distributors. 11/20/2009 – Present.

7.  Paul Borrelli, VPX - Facilities Manager; Product development, testing, quality control, and manufacturing. 10/09/2000 – Present.

8.  Peter Cinieri, VPX - former Chief Financial Officer, and current outside consultant for VPX. Financial matters related to VPX's product development, testing, manufacturing, distribution, marketing, media, and sales. 11/12/2013 - 7/31/2015.

9.  Chantal Salas, VPX - former Marketing Coordinator; Marketing of VPX's sports supplements and energy drink products, including the BANG® products at issue in the FAC. 1/16/2017 - 8/15/2018.

10. Nora Higuera, VPX - former R&D Senior Food Scientist; Product development, testing, and manufacturing of VPX's products. 2/11/2008 - 10/31/2017.

-22-

11. Marc J. Kesten, Esq., VPX - General Counsel; The claims against Defendants and defenses of Defendants. 2/24/2014 – Present.

12. Elina Sanchez, VPX - Raw Materials Buyer; Product development, quality control, and ingredients. 5/22/2017 – Present.

13. Dr. Liangxi Li, VPX - Research & Development Manager; Product research and development, testing, quality control, and ingredients. 10/03/2011 – Present.

14. Robbie Durand, VPX - Vice President of Media; Marketing, advertising, promotion, and university testing of BANG® products and similar products. 12/12/2016 – Present.

15. Sam Wilson, VPX – Executive Vice President of Sales & Distribution; Marketing, advertising, promotion, distribution, sales. VPX's dealings with distributors. 04/09/2018 – Present.

On July 2, 2019, Monster's counsel continued the meet and confer process by providing additional names, specifically Stephen Cohen; Pat McMahon; and Richard Laitinen.  Discovery is ongoing and meet and confer efforts are continuing.  Responding Party will not separately produce any documents responsive to this Interrogatory, as this Interrogatory does not seek documents but rather asks where those documents are located.  However, Responding Party will continue to meet and confer with Plaintiff to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, and control sufficient to respond to this Request is proportionate to the needs of this case and will be produced subject to a Protective Order.  Specifically, Responding Party will continue to meet and confer with Propounding Party regarding ESI protocols, custodians, search terms, and date ranges.

DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE          Case No. 18-cv-01882

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

1    Dated:  July 10, 2019                    GORDON REES SCULLY
2                                             MANSUKHANI LLP

3                                             By:   /s/ Timothy K. Branson
4                                                 M.D. Scully
                                                  Timothy K. Branson
5                                                 Sean P. Flynn
                                                  Holly L.K. Heffner
6                                                 Michael D. Kanach
                                                  Peter G. Siachos
7                                                 Attorneys for Defendants
                                                  VITAL PHARMACEUTICALS, INC.,
8                                                 d/b/a VPX Sports;
                                                  JOHN H. OWOC, a.k.a. JACK OWOC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

**DEFENDANT VITAL PHARMACEUTICALS, INC.'S RESPONSE TO PLAINTIFF'S
SPECIAL INTERROGATORIES, SET ONE          Case No. 18-cv-01882**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

## VERIFICATION

I, Marc J. Kesten, Esq., declare:

I am the General Counsel of VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS, a corporation organized and existing under the laws of Florida, which is the Defendant in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **DEFENDANT VITAL PHARMACEUTICALS, INC., D/B/A VPX SPORTS' RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** on file herein and know the contents thereof. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said Response, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed at Weston, Florida, on July 10, 2019.



| VERIFICATION | Case No. 18-cv-01882 |

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, 275 Battery Street, Suite 2000, San Francisco, CA 94111, my electronic mail address is mkanach@grsm.com.  On July 10, 2019, I served the foregoing document(s) entitled: **DEFENDANT VITAL PHARMACEUTICALS, INC., D/B/A VPX SPORTS' RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** as follows:

☑    **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date pursuant to FRCP 5(b)(2)(E).

**Counsel for MONSTER ENERGY:**

John C. Hueston
Moez Kaba
Steven N. Feldman
Joseph A. Reiter
Michael H. Todisco
Sourabh Mishra
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Los Angeles, CA  90014
Phone:  213-788-4340
jhueston@hueston.com
mkaba@hueston.com
sfeldman@hueston.com
jreiter@hueston.com
mtodisco@hueston.com
smishra@hueston.com

**Counsel for MONSTER ENERGY:**

Jennifer Bunn Hayden
HUESTON HENNIGAN LLP
620 Newport Center Dr., Suite 1300
Newport Beach, CA  92660
Phone: 949-284-6312
Fax: 888-775-0898
jbhayden@hueston.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on July 10, 2019 at San Mateo, California.

*/s/ Michael D. Kanach*
Michael D. Kanach

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

1175874/45578880v.1

# EXHIBIT B

**Sourabh Mishra**

| | |
|---|---|
| **From:** | Steven N. Feldman |
| **Sent:** | Thursday, August 29, 2019 8:28 PM |
| **To:** | Michael Kanach |
| **Cc:** | Sourabh Mishra; hheffner@grsm.com; Michael Todisco; tbranson@grsm.com |
| **Subject:** | Re: [Monster/VPX] Summary of 8/27 Meet and Confer |

Michael,

The Court's rule requires the moving party to e-mail chambers.  It is thus your obligation to send that request, not Monster's.  And since Monster's responses on the alleged other formulas you are requesting are not even yet due, any motion on those formulas is not ripe for decision.

With respect to the BANG formula, as we stated on Tuesday's call, VPX's proposal is not acceptable to Monster and thus it is forced to move to compel.  We will contact the Court shortly.

Regards,
Steve


**Steven N. Feldman**
D: 213.788.4272

---

**From:** Michael Kanach <mkanach@grsm.com>
**Sent:** Thursday, August 29, 2019 5:39:13 PM
**To:** Steven N. Feldman <sfeldman@hueston.com>
**Cc:** Sourabh Mishra <smishra@hueston.com>; hheffner@grsm.com <hheffner@grsm.com>; Michael Todisco <mtodisco@hueston.com>; tbranson@grsm.com <tbranson@grsm.com>
**Subject:** Re: [Monster/VPX] Summary of 8/27 Meet and Confer

Thanks Sourabh,

1. Thanks for confirming we are at an impasse with respect to Reign's formula. Please email the court re the Reign formula. And if you know that Monster will not be producing any other formulas, we should raise that issue at the same time, for the convenience of the court and the parties, and for consistency.

2. With respect to BANG's proprietary formula (for BANG products advertised as having SUPER CREATINE), VPX will agree to produce only the ingredient names (with only a few redactions) with the quantity redacted for all ingredients except for the quantity of caffeine. It is VPX's position that producing the formulas with that list of information and those redactions is sufficient to both protect VPX's interests and provide the discovery necessary to comply with Monster's requests in this case. Please note that VPX will not produce its other formulas for products that are not advertised as having SUPER CREATINE (e.g., Keto coffee). While we believe this information is sufficient, we understand from the meet and confer call that you may disagree. Please let us know if that satisfies Monster's concerns or if you will be contacting the court.

Regards, -MIKE


Sent from my iPhone

1

On Aug 29, 2019, at 4:58 PM, Steven N. Feldman <sfeldman@hueston.com<mailto:sfeldman@hueston.com>> wrote:

Michael,

Monster will not agree to produce the REIGN formula.

Please let us know if your position on the BANG formula has changed. If not, we will e-mail the Magistrate this evening with our agreed-upon availability.

Regards,
Steve

Steven N. Feldman
_____

HUESTON HENNIGAN LLP

D: 213.788.4272<tel:213.788.4272>
sfeldman@hueston.com<mailto:sfeldman@hueston.com>
Biography<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.hueston.com_attorney_steven-2Dn-2Dfeldman_&d=DwMFaQ&c=f_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ&r=MYv17hpjO194l35ZNkhBVw&m=IP8INs_CVt98Dpdr0xwdXwiUA3Yspehgk5qOu_BzsII&s=DL_5qr8Jz7n8y8qjcDbMEdGydzQCh7YoG4ZqA6wI7vo&e=>

_____
From: Sourabh Mishra <smishra@hueston.com<mailto:smishra@hueston.com>>
Sent: Tuesday, August 27, 2019 6:23:58 PM
To: Michael Kanach <mkanach@grsm.com<mailto:mkanach@grsm.com>>;
hheffner@grsm.com<mailto:hheffner@grsm.com> <hheffner@grsm.com<mailto:hheffner@grsm.com>>
Cc: Steven N. Feldman <sfeldman@hueston.com<mailto:sfeldman@hueston.com>>; Michael Todisco <mtodisco@hueston.com<mailto:mtodisco@hueston.com>>
Subject: [Monster/VPX] Summary of 8/27 Meet and Confer

Michael and Holly,

Thank you for the call earlier today. Please find below a summary of today's meet and confer and where the parties left each issue. Happy to discuss further as needed.

BANG Formula

You offered to provide redacted versions of the BANG formula and clarified the redactions would remove the amounts of the ingredients in BANG. We provided our reasoning for why Monster is requesting the entire BANG formula

(including amounts) and why VPX's proposal does not provide complete information relating to the claims and defenses in this litigation. Though you stated that VPX disagrees, you agreed to let us know by Thursday at 5pm PT whether VPX will offer unredacted ingredient amounts for any ingredients in BANG's formula, including creatyl-L-leucine.

If VPX's proposal is not acceptable to Monster, Monster will e-mail the Magistrate with the following dates for a pre-filing conference with the Court: Friday (8/30), Wednesday (9/4), and Thursday (9/5).

REIGN Formula

We reiterated Monster's position that the formula for REIGN is not relevant to this case. You stated your arguments for relevance and that VPX believes that the same disclosure that applies to BANG's formula should also apply to the REIGN formula.

Though Monster disagrees with VPX's position, we will let you know by Thursday at 5pm PT whether Monster will change its position.

ESI Order

You noted that you had sent us an e-mail stating that your e-discovery vendor proposed keeping in certain fields that we had proposed removing. We stated that we were fine keeping those fields in.

I'll send you a separate e-mail on the ESI order. I discovered that there's one outstanding issue that we had raised that you had not directly responded to. Once we agree on that issue, we can get the ESI order on file.

Social Media List

You stated that you will soon send to us the VPX social media list we discussed on the last meet and confer.

Search Terms and Production

The parties discussed search terms and agreed to promptly send a list of objectionable and non-objectionable search terms to one another. The parties agreed that they would work quickly to resolve any objections and agree on a rolling production schedule based on the volume of documents.

You stated that your document reviewers are ready to go and that you plan on beginning review soon. We stated that we also plan on beginning review of our search term results as soon as possible.

I will send you our list of objectionable search terms separately.


Sourabh Mishra
_____

HUESTON HENNIGAN LLP




D: 949.356.5536<tel:949.356.5536>
T: 213.788.4340
smishra@hueston.com<mailto:smishra@hueston.com>

Biography<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.hueston.com_attorney_sourabh-2Dmishra_&d=DwMFaQ&c=f_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ&r=MYv17hpjO194l35ZNkhBVw&m=IP8INs_CVt98Dpdr0xwdXwiUA3Yspehgk5qOu_BzsII&s=pbm_EZEEefAP4tpFQuvUe0_voZBxRtTNyIKRSu3kZJw&e=>

523 West 6th St Suite 400
Los Angeles
CA
90014

_____

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

_____

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP
YOUR 50 STATE PARTNER™
http://www.grsm.com

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

VITAL PHARMACEUTICALS, INC.,
d/b/a BANG ENERGY, a Florida corporation,

      Plaintiff,

v.

MONSTER BEVERAGE CORPORATION, a
Delaware corporation, MONSTER ENERGY
COMPANY, a Delaware corporation, REIGN
BEVERAGE COMPANY, LLC, a Delaware
limited liability company, ENERGY
BEVERAGES, LLC, a Delaware corporation,
CSC CORPORATE DOMAINS, INC., a
Delaware corporation, MARKERLY, INC., a
California corporation, JENNIFER QUILLEN,
an individual, BRETT MARTIN, an individual,
CHRISTIN KUBSCH, an individual,
CRYSTAL BOWLEY-REAGAN, an
individual, SUMMER SHORES, an individual,
AMBER N. KILLMON, an individual,
AMANDA LIGHT, an individual, CRYSTAL
CARDER, an individual, LAURA DAWSON,
an individual, ARIANNA JONAE
HENDERSON, an individual, KRISTIN
WONG, an individual, JOHN DOES 1 – 200,
JANE AND JOHN DOE INFLUENCERS 1 –
200, and ABC CORPORATIONS 1 – 100,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

      Plaintiff Vital Pharmaceuticals, Inc., d/b/a Bang Energy ("Bang Energy" or "Plaintiff"),

hereby sues Defendants Monster Beverage Corporation, Monster Energy Company, Reign

Beverage Company, LLC, and Energy Beverages, LLC (collectively "Monster" or the "Monster

Defendants"), CSC Corporate Domains, Inc. ("CSC"), Markerly, Inc. ("Markerly"), Jennifer

Quillen ("Quillen"), Brett Martin ("Martin"), Christin Kubsch ("Kubsch"), Crystal Bowley-

## IX. MONSTER AND ITS DISTRIBUTORS LAUNCH AN INITIATIVE TO INTERFERE WITH SALES OF BANG® AT RETAIL LOCATIONS BY PLACING CARDS WITH FALSE CLAIMS ABOUT BANG® ON STORE SHELVES

142.    On or about May 1, 2019, upon information and belief, Monster, its distributors, and other representatives began systematically placing cards on retail store shelves across the country, which included references to the TAB website and its false, defamatory, and disparaging claims about Bang Energy, its CEO, and the BANG® products.  Upon information and belief, Monster has directed its distribution network with Coca-Cola to place these cards on shelves containing BANG® during their visits to stock its competing Reign product.  Examples of these cards include:




143.    Upon information and belief, Monster, its distributors, and other representatives have also placed Reign advertising cards on retail store shelves that contain false or misleading head-to-head comparisons between BANG® and Monster's new Reign products.  As an example:



144.    These cards comparing Reign and BANG® are false and/or misleading for at least

three reasons: (1) Monster claims that Reign contains 5 mg or more of CoQ10, but Bang Energy's

testing of Reign products did not detect any CoQ10, while BANG® contains 5.68 ppm (or 2.7mg);

(2) Monster claims that Reign has 3 electrolytes and that BANG® does not, but BANG® in fact

has 6 electrolytes, or double the number of electrolytes than does Monster's Reign, and (3) Monster

states information which switches back and forth from amounts <u>per serving</u> to amounts <u>per can</u>,

whenever its suits Monster's false narrative (e.g. claiming zero calories and zero sugar per serving

(but not per can), but claiming "2x electrolytes" and not disclosing that it is per can and not per

serving).  Specifically, Bang Energy's testing reflects the following:

**CoQ10**

Reign's claimed CoQ10 ingredient was **NOT DETECTED**, while BANG® contains **5.68 ppm**.

| Product Name | Lot# | Results on CoQ10 |
|---|---|---|
| **Bang Energy Rainbow Unicorn** | **102219MD** | **5.68 ppm** |
| Reign Energy Carnival Candy | B1921N2 | N.D. <1.0 ppm |
| Reign Energy Sour Apple | B1909NCS | N.D. <1.0 ppm |
| Reign Energy Lemon HDZ | B1933NC5 | N.D. <1.0 ppm |
| Reign Energy Razzle Berry | C1911N2 | N.D. <1.0 ppm |

**Electrolytes**

Reign contains only **3** electrolytes, while BANG® contains **6** electrolytes. Reign contains **more sodium**, while BANG® contains **more potassium**.

| Electrolyte | Reign | BANG® |
|---|---|---|
| | Quantity (per serving) | Quantity (per serving) |
| Sodium | 100 mg | 40 mg |
| Potassium | 35 mg | 85 mg |
| Magnesium | Unknown | 2% DV (from Magnesium Chloride) |
| Calcium | No | Yes (Calcium Chloride) |
| Chloride | No | Yes (Magnesium Chloride and Calcium Chloride) |
| Phosphate | No | Yes (Potassium Phosphate Dibasic) |

145. These TAB and Reign head-to-head comparison cards were and continue to be placed in front of or near BANG® products and, upon information and belief, cans of BANG® are being turned around and/or blocked by the cards such that the BANG® products and the BANG® name and logo are no longer visible to customers, thereby increasing sales of Reign at the expense of Bang Energy. For example, on May 30, 2019, the following image was captured at a retail store in Santa Clara, California:

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131



146.   In another egregious example of interference, on June 14, 2019, in a store in Utah, a representative of Bang Energy discovered the following placement of Reign advertisements directly in front of BANG® cans to divert customers to Reign products placed on the shelf immediately above:



147.   These acts of interference by Monster and its representatives are deliberately designed to cause, have caused, and unless enjoined will continue to cause, lost sales of BANG®

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

# EXHIBIT D





CONTAINS NO FRUIT JUICE.

## SUPPLEMENT FACTS

Serving Size 1 Bottle (8 FL OZ [240 mL])
Servings Per Container 1

| | Amount Per Serving | % Daily Value |
|---|---|---|
| Calories | 32 | 1.6% |
| Total Carbohydrate | 8 g | 2.7% |
| Sugars | 0 g | |
| Sugar Alcohol (as Glycerin) | 8 g | |
| Sodium | 20 mg | 1% |
| **Electrolyte Matrix** | | |
| Calcium (as Calcium Chloride) | 10 mg | 1% |
| Magnesium (as Magnesium Chloride) | 2.5 mg | 1% |
| Potassium (as Potassium Citrate Monohydrate) | 51 mg | 1% |
| MPS / Cell Swell™/ MyoStatin Suppressor™ | 19650 mg | |
| Glycerin | 8000 mg | |
| Branched-Chain Amino Acids 2: 2: 1 | 7000 mg | |
| L-Leucine | 2800 mg | |
| L-Isoleucine | 2600 mg | |
| L-Valine | 1400 mg | |
| L-Citrulline | 4400 mg | |
| Creatyl-L-Leucine Peptide (Super Creatine™) | 250 mg | |
| **Xtreme Energy Blend** | 337 mg | |
| Caffeine Anhydrous | 300 mg | |
| N-Acetyl-L-Tyrosine | | |
| Yohimbe (Coryanthe yohimbe) (bark) Extract (std. to yohimbine HCl) | | |
| N-Methyl Tyramine | | |
| Evodia (Evodiae fructus) (fruit) Extract (std. to evodiamine) | | |

Not a significant source of vitamin A, vitamin C, calcium and iron.
* Percent DV are based on a 2,000 calorie diet.  ** DV not established.

**OTHER INGREDIENTS:** highly purified water, citric acid anhydrous, natural &
artificial flavors, malic acid, sucralose, sodium benzoate and potassium sorbate
(preserve freshness), acesulfame potassium, and calcium disodium EDTA.

0 ARTIFICIAL COLORS

0 SUGARS PER CAN

CA CASH REFUND ME 5¢ DEP

**VPX**
LIVE POWERFULLY™

PLEASE RECYCLE

**VPXSPORTS.COM**

©2017 VITAL PHARMACEUTICALS, INC.
ALL RIGHTS RESERVED.
TO REPORT A SERIOUS ADVERSE EVENT OR
OBTAIN PRODUCT INFORMATION, CONTACT
1600 North Park Drive, Weston, FL 33326

**VPX**
LIVE POWERFULLY™

BLACK DIAMOND®

CAUTION
Read Label
before drinking.

8 FL OZ 240[mL]

# EXHIBIT E



 bangenergy.ceo ✔ • Follow   •••

 **bangenergy.ceo** ✔ Bang Master
Blaster contains 6 grams of citrulline
malate which contributes to nitric
oxide production for better muscle
pumps, improved athletic performance,
and greater muscle growth. Bang
Master Blaster also contains 7.5 grams
of BCAAs, 5 grams of Creatine, 2.5
grams of betaine, 2.4 grams of Beta
Alanine, 350 mg of Caffeine, and Super
Creatine.

88w



 **rb_hartleyy** BANGISLIFE
88w   1 like   Reply

    

**5,035 views**

DECEMBER 27, 2017

**Log in** to like or comment.