TIMOTHY K. BRANSON
TBRANSON@GRSM.COM
DIRECT DIAL: (619) 230-7441



ATTORNEYS AT LAW
101 W. BROADWAY, SUITE 2000
SAN DIEGO, CA 92101
WWW.GRSM.COM

September 9, 2019

**VIA CM/ECF**

Magistrate Judge Shashi H. Kewalramani
USDC, Central District of California
George E. Brown, Jr. Federal Building
United States Courthouse
3470 12th St.,
Riverside, CA 92501

> Re:  Monster Energy Company v. Vital Pharmaceuticals, Inc.
>       USDC – Central District of California, Case No. 5:18-cv-01882-JGB-SHK

Honorable Shashi H. Kewalramani:

Pursuant to the Court's Minute Order dated September 6, 2019 (Dkt. 128), Defendant Vital Pharmaceuticals Inc. (VPX) respectfully submits the following 2-page letter brief concerning Plaintiff Monster Energy Company's ("Monster") responses to discovery, specifically Defendants' Requests for Production No. 13.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

By:  /s/ *Michael D. Kanach*
     M.D. Scully
     Timothy K. Branson
     Holly L.K. Heffner
     Michael D. Kanach
     Marc J. Kesten
     Attorneys for Defendant
     VITAL PHARMACEUTICALS, INC.,
     d/b/a VPX Sports

Cc: All Counsel

September 9, 2019
Page 2

VPX moves to compel the production of documents, to which Monster initially indicated it would produce after the Protective Order was entered. Monster's position appears to have changed in light of VPX's refusal to produce its own proprietary trade secret formula. VPX's formula for BANG® is the subject of a dueling discovery motion which Monster is filing contemporaneously. VPX served Requests for Production of Documents to Monster, including the following Request No. 13: "Produce all non-privileged Documents and Correspondence concerning Your formulation and ingredients for REIGN." *See* Exhibit A.

Reign is an energy drink that Monster introduced shortly after filing the present lawsuit against VPX. It is very similar to BANG®. See e.g., Paragraph 97. Other requests VPX propounded on Monster seek similar information as No. 13. *See e.g.*, Requests for Production Nos. 14 and 15 regarding specific listed ingredients in Monster's formulation of Reign; Request No. 16 regarding consumer studies and market studies regarding ingredients and flavors of Reign; and No. 12 regarding Monster's decision to sell Reign energy drinks.

Monster objected to these requests on the basis of relevance, however, Monster provided the following response: "Monster will continue to meet and confer with VPX regarding ESI protocols, search terms, custodians, and date ranges, but will not produce documents until a protective order is in place."

Monster provided the same boilerplate response to every single request for documents, Nos. 1-79, and did not initially state that it would withhold documents based on its objections. Monster has not supplemented its objections to provide a clear response as to which documents Monster will produce. However, since providing that response, during the meet and confer process, Monster has taken the position that it would not produce any formulas.

### First, VPX's Formula For BANG® is Not Relevant.

To the extent Monster provides the Court with its position regarding how VPX's formula and quantities of ingredients may be relevant and necessary, VPX will provide a rebuttal in opposition to Monster's motion to compel. However, as a threshold matter, Monster has not asserted any causes of action in its First Amended Complaint (FAC) for which the formula for BANG® is necessary or even helpful to Monster proving its claims. In fact, the allegations Monster asserts point to the opposite conclusion. Monster calls out that Monster has introduced a new, competing product, Reign, that does not contain creatyl-l-leucine, but is otherwise advertised as almost identical to BANG®. *See* FAC, Paragraph 97. Monster seeks damages for BANG®, but not with respect to all of Monster's products. Monster recognizes that some drinks are "unlike goods." *See* FAC, Paragraphs 87-88.

Monster does not allege that VPX has advertised the quantity of creatyl-l-leucine on the can or otherwise. In fact, the FAC acknowledges that the quantity of creatyl-l-leucine in BANG® is a trade secret. *See e.g.*, Paragraph 59 ("Unfortunately, that is proprietary information").

Monster does not allege that VPX is making any affirmative false or misleading claims on the label about the existence of creatyl-l-leucine in BANG®. The label says that the product contains "Super Creatine" which the label explains is creatyl-l-leucine. It is not in dispute that

September 9, 2019
Page 3

there is creatyl-l-leucine in the product.  See Monster's own testing attached to the FAC, which confirmed that creatyl-l-leucine is in BANG®.  VPX is willing to produce documents (redacted formulas) which would confirm that creatyl-l-leucine is in the product.

Monster's causes of action 1-3 do not support a motion to compel VPX's formula. Monster's allegations in support of those causes of action are not about the quantities of any ingredients in BANG®, including creatyl-l-leucine (Paragraph 122, 132, 141).

**Second, Monster's Reign Formula is Relevant to Monster's Claims if the Court Compels Production of VPX's BANG® Formula.**

In Monster's efforts to compel the production of VPX's formula, Monster argues that VPX should produce the details of the formula including the amounts of the ingredients in BANG® because Monster argues that the effects of the amounts of the particular ingredients in BANG® is the central issue underlying Monster's false advertising claim – yet Monster has refused to produce its own formula for a competing product REIGN, even in a redacted form, claiming its formula is not relevant.

VPX has proposed disclosing the quantity of caffeine (300 mg), which is sufficient to support VPX's advertising statements.  To the extent the Court finds that other ingredients, beyond caffeine, are relevant or necessary for Monster to evaluate its claims, those ingredients and quantities in the Reign drinks are likewise relevant and necessary for VPX to evaluate Monster's claims and VPX's defenses, including unclean hands and a lack of damages.

Monster's formulas are relevant to confirm that creatyl-l-leucine is not in Reign product. Monster will not even agree to provide its formulas in a redacted manner, which would be sufficient to confirm Monster has not manufactured energy drinks with creatyl-l-leucine.

If Monster wants to stand up at trial and say a specific amount of certain ingredients are too small for an energy drink company to put on the label, Monster makes arguments about what consumers expect and what is industry standard quantity, then Monster's credibility and the industry standards will be disputed by Monster's own advertising, labeling practices, and formulas.  If Monster is seeking to recover damages based on the quantity of a formula in one can, then Monster is putting at issue the formulas for energy drinks as a category, and specifically Monster's own competing products, particularly Reign.  Monster seeks damages for the alleged false advertising of BANG®, yet Monster's REIGN product has many of the same ingredients as BANG®, and REIGN's advertising and trade dress mimics BANG's.  VPX also seeks information relating to formulas to show that Monster's lawsuit was filed to harass a competitor VPX, are unsupported by Monster's own research related to formulas, and this is an exceptional case under the Lanham Act 15 U.S. Code § 1117.  As the prevailing party in an exceptional case, VPX would be entitled to attorneys fees.

To the extent the Court finds that one formula is relevant – of VPX's BANG® – then the Court must treat in a similar fashion those formulas for Monster's own products.  Monster cannot support its statement in the FAC that a retailer is inaccurately comparing BANG® to Monster's Reign – and claim that BANG's formula is relevant – while at the same time hide behind its own labels.  The Court must treat these labels consistently.