UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-01882-JGB (SHKx) | Date: | October 16, 2019 |
| Title: | *Monster Energy Co. v. Vital Pharm., Inc., et al.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORY NO. 1 AND DENYING DEFENDANTS' MOTION TO COMPEL RESPONSE TO VPX'S REQUEST FOR PRODUCTION NO. 13.

## I.     BACKGROUND

The background of this case and the claims alleged in Plaintiff Monster Energy Company's ("Monster" or "Plaintiff") operative, First Amended Complaint ("FAC") are set forth in detail and incorporated into this Order from the previously issued Order (1) Denying Defendant John H. Owoc's Motion to Dismiss for Lack of Personal Jurisdiction; (2) Granting in Part and Denying in Part Defendants' Motion to Dismiss for Failure to State Claim; and (3) Denying Defendants' Motion to Strike ("Order re: Mot. to Dismiss"). Electronic Case Filing Number ("ECF No.") 95, Order re: Mot. to Dismiss.

Monster and Defendants Vital Pharmaceuticals, Inc. ("VPX") and John H. Owoc ("Owoc") (collectively "Defendants") filed a stipulated protective order on July 25, 2019, ECF No. 124, which the Court issued on August 5, 2019. ECF No. 125, Stip. Prot. Order. The stipulated protective order provides two-tiers of protection and allows a producing party to designate documents or information it provides as either "Confidential" or "Highly Confidential – Attorney's Eyes Only." ECF No. 125, Stip. Prot. Order at 4, 11-12. These two tiers control how the respectively designated discovery may be disclosed. Specifically:

>2.4 <u>"HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY"</u> shall be limited to such documents, testimony, information or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret.  None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Stipulated Protective Order, or any law or statute.
>
>* * *
>
>7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" only to the following persons:
>(a) the Receiving Party's Outside Counsel in this action;
>(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
>(c) the court and its personnel;
>(d) court reporters and videographers and their staff;
>(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and
>(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and
>(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

<u>Id.</u>

On September 4, 2019, following the parties' September 3, 2019 request, the Court set a telephonic hearing on the discovery matters and set a briefing schedule, requiring the briefing to be completed by September 17, 2019. ECF Nos. 127, 128.  The parties submitted their respective letter briefs in support of their requests and the matter is ready for decision.  ECF Nos. 129-32, 134, 135.

/ / /

/ / /

/ / /

## II. DISCUSSION

**A. General Legal Standards Regarding Discovery And Seeking Items Asserted To Be Trade Secrets**

In <u>Dale Evans Parkway 2012, LLV. v. Nat'l Fire and Marine Ins. Co.</u>, ED CV 15-979-JGB (SPx), 2016 WL 7486606, at *3–4 (C.D. Cal. Oct. 27, 2016), this Court provided the following applicable general scope for discovery under Rule 26:

> Fed. R. Civ. P. 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." <u>Id.</u> In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u> A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

With respect to evaluating an objection to discovery being sought because the producing party believes it is a trade secret, this Court in <u>AECOM Energy & Constr., Inc. v. Ripley</u>, No. CV 17-5398 RSWL(SSx), 2018 WL 4705914, at *2–3 (C.D. Cal. Apr. 26, 2018), provided the following applicable procedure and standards:

> There is no absolute privilege for trade secrets and similar confidential information. <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing <u>Federal Open Mkt. Comm. v. Merrill</u>, 443 U.S. 340, 362 (1979); <u>see also</u> <u>Hartley Pen Co. v. United States Dist. Court</u>, 287 F.2d 324, 325 (9th Cir. 1961)). Nevertheless, as the Advisory Committee Notes to the 1970 Amendment to Rule 26(c) state: "[Although] courts have not given trade secrets automatic and complete immunity against disclosure, [they] have in each case weighed their claim to privacy against the need for disclosure." As one court has explained:
>
>> First, the party opposing discovery must show that the information is a "trade secret or other confidential research, development, or commercial information" . . . and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is

relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial.

If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

In re Remington Arms Company, Inc., 952 F.2d 1029, 1032 (8th Cir. 1991); see also DIRECTV, 209 F.R.D. at 459 (quoting same).

**B. Plaintiff's Special Interrogatory No. 1**

1. Standard Regarding Interrogatories

Federal Rule of Civil Procedure 33 controls information sought by propounding interrogatories. "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "If objections are made, the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers, in the course of which the court will pass on the objections. The change in the burden of going forward does not alter the existing obligation of an objecting party to justify his objections." Fed. R. Civ. P. 33, Advisory Committee Notes 1970 Amendments.

2. Background

Plaintiff served its interrogatory at issue on VPX and VPX provided its response on July 10, 2019. The Special Interrogatory at issue and response by VPX are set forth below:

**SPECIAL INTERROGATORY NO. 1:**

State the formula for YOUR BANG energy drink, including the amount use of each ingredient. To the extent the formula is different for each flavor of BANG, state the formula for each flavor.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this Interrogatory to the extent it seeks privileged attorney client communications or work product. Responding Party further objects to this Interrogatory on the basis that it seeks information that is confidential and proprietary in nature and, as such, will not be produced until a Protective Order is in place. Responding Party objects to this Interrogatory as

seeking proprietary information regarding trade secrets, including ingredients, recipes, formulations, formulae, which would be extremely detrimental to Defendant if disseminated or distributed publicly or if provided to Responding Party's competitors or potential competitors. Responding Party further objects to this Interrogatory as vague as to scope and time and seeking irrelevant information and documents. Responding Party further objects to this Interrogatory as unduly burdensome, harassing, and not proportional to the needs of this case under Rule 26(b)(1). Responding Party objects to this Interrogatory as vague and ambiguous as to the scope and time. Responding Party objects to the definition of "BANG" as vague, ambiguous, overbroad, and harassing. Defendant objects to this Interrogatory as vague and ambiguous with respect to the undefined terms "formula," "amount," "ingredient," and "flavor." Responding Party further objects to this Interrogatory to the extent this Interrogatory seeks information subject to expert analysis or opinion. To the extent information will be analyzed by an expert, such information may be provided in an expert's report as set forth according to the Court's schedule. Further, this Interrogatory appears to be duplicative of document requests, including specifically request no. 4 which seeks "All DOCUMENTS and COMMUNICATIONS relating to YOUR studies, research, and tests of BANG products, including but not limited to:

    a.    The amount of creatine in BANG products;
    b.    The amount of SUPER CREATINE in BANG products;
    c.    The amount of creatine in SUPER CREATINE;
    d.    The incremental effect of including additional SUPER CREATINE in BANG products;
    e.    The contents of BANG products;
    f.    Comparisons between BANG products and products manufactured or sold by MONSTER;
    g.    The health impacts of creatyl-L-leucine; and
    h.    Discussions or analyses relating to creatinine."

Further, this Interrogatory is duplicative of request no. 50 which seeks "All DOCUMENTS and COMMUNICATIONS relating to the formulation or changes to the formulation of BANG products." Responding Party incorporates by reference all objections made in response to Request for Documents, including but not limited to Nos. 4 and 50.

Subject to the foregoing general and specific objections, Defendant responds as follows:

It is undisputed that certain BANG products contain a form of creatine, creatyl-L-leucine, which combines creatine and an amino acid, leucine. Creatyl-L-leucine in certain BANG products is branded under the trademark SUPER CREATINE. Responding Party also incorporates by reference the declaration by Dr. Li in support of Defendants' Opposition to Monster's Motion for a Preliminary Injunction (ECF 100 and exhibits 100-1 through 100-3). Responding Party will not

> produce its proprietary and trade secret formulas to a competitor, Monster, who just introduced a knock-out drink, REIGN, to compete against Responding Party's BANG® energy drink. Responding Party may supplement this response to provide certain, redacted information sought by this Interrogatory that is relevant to the question of Creatyl-L-Leucine in certain BANG® drinks, but Responding Party will not produce its proprietary formulas and lists of amounts for all ingredients in all BANG® drinks. Responding Party further objects to the extent the relevant information sought by this Interrogatory is duplicative of other Interrogatories (e.g., No. 2) and requests for production of documents. Pursuant to Federal Rule of Civil Procedure 33(d), Defendant reserves the right to produce business records in this action from which the answer to the reasonable scope of this Interrogatory may be ascertained. The answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party business records (including electronically stored information), and the burden of deriving or ascertaining the answer will be substantially the same for either party. Responding Party will meet and confer with Propounding Party to narrow the scope of this Request so that the non-privileged information in Responding Party's possession, custody, or control sufficient to respond to this Request is proportionate to the needs of this case and will be produced subject to a Protective Order. Specifically, Responding Party will continue to meet and confer with Propounding Party regarding ESI protocols, custodians, search terms, and date ranges.

ECF No. 129 at 11-14.

   3. Discussion

In its response to Plaintiff's Special Interrogatory No. 1, VPX made numerous objections to the production of this information, including attorney-client privilege, the absence of a protective order, and vagueness. In their opposition, however, Defendants focus on the trade secret aspect as well as relevancy. Therefore, the Court will focus on those objections.

   a. Trade Secret Or Similar Confidential Information

In order to assert this objection, Defendants must first be able to claim that the information being sought is a trade secret or constitutes other similar confidential information. At this stage, the Court cannot and need not make a judicial finding that the formulation for BANG constitutes a trade secret. For purposes of the discovery analysis, the Court will consider whether Defendants consider and treat the formulation of BANG as a trade secret or otherwise similarly protect and treat this information as confidential.

Plaintiff argues that the information is not confidentially held by Defendants and points to other situations where Defendants have disclosed formulations of other drinks and portions of at least one ingredient in BANG. ECF No. 129 at 3, Exhs. C, D, E. Defendants argue that the BANG formulation is a trade secret and provides several declarations in this regard that show

how Defendants treat this information as confidential and consider them trade secrets. ECF No. 132, Declarations of Marc J. Kesten and Dr. Liangxi Li at 3.

Though it is true that Defendants have disclosed, what appears to be, the entire ingredient list and quantities of those ingredients in the Red Line beverage, ECF No. 129, Exh. D, and the amount of CoQ10 in BANG, id., Exh. C, there is no indication that Defendants have publicly disclosed the entire ingredient list or their quantities for BANG. ECF No. 132-2. Decl. of Marc Kesten at ¶ 19. Therefore, at this stage, Defendants have met their burden to show that the information sought in Plaintiff's Special Interrogatory No. 1 are trade secrets or similar confidential information.

### b. Relevance And Need

Plaintiff argues that the formulations of BANG are relevant and necessary to prosecute several of its claims against Defendant. ECF No. 129 at 2. Specifically, Plaintiff argues that "a central allegation in Monster's action is that even if creatyl-L-leucine (the supposed "Super Creatine" in BANG) were potent, there is not enough of it in BANG for it to materially impact the body." Id. Monster then identifies three causes of action to which this issue is relevant: the Lanham Act false advertising claim, the unfair competition claim, and the false advertising claim. Id. Monster, then correctly points out that in the Order re: Mot. to Dismiss, Judge Bernal reviewed the sufficiency of the allegations regarding those claims and found them to be sufficient for Rule 12(b)(6) purposes. ECF No. 95, Order re: Mot. to Dismiss at 14.

Defendants argue that Plaintiff's argument that the BANG formulation is relevant to three of Plaintiff's causes of action fails because "Monster does not allege that consumers chose BANG® over a Monster product because BANG® is advertised as having a certain *quantity* of any ingredient or that VPX even advertises certain *quantities* of ingredients for which consumers would rely." ECF No. 132 at 3 (emphasis in original). Defendants make other arguments that, essentially, go to the merits of the claims and whether they will be successfully asserted. This is not the appropriate mechanism to re-visit the previously issued Order re: Mot. to Dismiss and is not the standard that governs the relevancy inquiry in the discovery context.

Rule 26(b) provides that the information sought must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Under this standard, the formulations of at least those BANG drinks advertised to contain "creatine" or "Super Creatine" are relevant because "relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." Dale Evans Parkway 2012, LLV, 2016 WL 7486606, at *3–4 (quoting Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992))). Specifically, the formulation is relevant to establishing the Lanham Act claim, unfair competition claim, and false advertising claim, where in each one of these causes of action Plaintiff alleges that at least a basis for each claim is that the particular BANG drink does not contain any "creatine" or "Super Creatine" and Defendants have "deceived consumers about BANG's contents." ECF No. 61, FAC at ¶¶ 122, 132, 141. That Defendants dispute these allegations does not control.

In addition to being relevant, the information being sought appears necessary for Plaintiff to prove its case that Defendants are misrepresenting the contents of BANG drinks advertised to contain "creatine" or "Super Creatine."

      c.   Injury To Defendants By Production

"The balance between the need for information and the need for protection against the injury caused by disclosure is tilted in favor of disclosure once relevance and necessity have been shown. As the Supreme Court has recognized, 'orders forbidding any disclosure of trade secrets or confidential information are rare.'" Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co., 107 F.R.D. 288, 293 (D. Del. 1985). In fact, "[o]nce the moving party has established relevance and necessity, the discovery is virtually always ordered." Capsugel Belgium NV v. Bright Pharma Caps, Inc., No. 3:15-CV-321-PK, 2015 WL 5706925, at *3 (D. Or. Sept. 28, 2015) (citations and internal quotations omitted).

          i.   *Production To Direct Competitor*

Based on the nature of the products described and the dealings between the parties, it does appear that Plaintiff and VPX are direct competitors and "courts have routinely recognized that disclosure to a competitor is more harmful that to a noncompetitor." Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp., No. CV 3:15-290, 2017 WL 4310221, at *9 (M.D. Pa. Sept. 28, 2017) (internal quotations and citations omitted).

The Court does not take this issue lightly, nor does it have any reason to believe that all of the counsel in this matter will adhere to the restrictions placed on them through the letter and spirit of the stipulated protective order. See Taiyo Int'l, Inc. v. Phyto Tech Corp., 275 F.R.D. 497, 501 (D. Minn. 2011) ("Where the parties have agreed to a protective order, particularly one with 'Attorneys' Eyes Only' designation, even a very sensitive trade secret will be sufficiently protected and should be produced if relevant." (citations omitted)); see also Apple, Inc. v. Samsung Elecs. Co., No. C 11–1846 LHK PSG, 2012 WL 5878392, *2 (N.D. Cal. Nov. 21, 2012); Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 521, 523 (C.D. Cal. 2008). For example, though not expressly included in the current stipulated protective order definition of what can be done with material designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," the Court understands that this type of information received by outside counsel cannot be used in any way to assist Plaintiff in formulating or otherwise advising Plaintiff with respect to any current or future products. Consequently, the presence of the two-tiered, stipulated protective order weighs against any danger of ordering production of the information sought by Plaintiff in Special Interrogatory No. 1.

          ii.   *Cost Of Testing And Burden On Defendants*

Defendants' argument that this information can be reversed engineered is unavailing. Defendants do not claim and do not provide any information to show that producing this information, under strict controls, would be difficult, time consuming, or expensive.

Comparatively, the testing, and any likely subsequent questioning of that testing, would be unnecessarily time consuming and is not warranted, with the controls that are in place.

4. Conclusion

For these reasons, Plaintiff's Motion to Compel with respect to the Special Interrogatory No. 1 is GRANTED, and Defendants are ordered to provide the requested information as it relates to BANG products claimed by Defendants to contain "creatine" or "Super Creatine" by the close of business on Monday, October 21, 2019, subject to any objections or motions to reconsider that may be properly filed by Defendants.

**C. VPX's Request For Production No. 13**

1. Standard For Request For Production

A party may request documents "in the responding party's possession, custody, or control," but requires that the party describe the items sought with "reasonable particularity." Fed. R. Civ. P. 34(a), 34(b).

As described in AECOM Energy, No. CV 17-5398 RSWL (SSx), 2018 WL 4705914, at *7 (C.D. Cal. Apr. 26, 2018):

> Following a reasonable investigation, a responding party must serve a written response to each request either (1) stating that the materials requested will be produced, in whole or in part; (2) affirming that no responsive documents exist in the party's possession, custody or control; or (3) posing an objection and stating "with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added); see also Leibovitz v. City of New York, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (collecting cases for the proposition that revisions to the Federal Rules effective December 1, 2015 prohibit "general" or "boilerplate" objections). Also pursuant to 2015 amendments, if objections are made, the "objection must state whether any responsive materials are being withheld on the basis of that objection." Rule 34(b)(2)(C) (emphasis added). If the search does not reveal responsive materials, the responding party should provide sufficient information for the requesting party, and the court, to be satisfied that the investigation was adequate. Atcherley v. Clark, 2014 WL 4660842, at *1 (E.D. Cal. Sept. 14, 2014) (internal citations omitted).

2. Background

On July 19, 2019, Plaintiff provided its response to Defendants' Request for Production No. 13. ("RFP No. 13"). ECF No. 130-1 at 12, 61. Below is RFP No. 13 and Plaintiff's response:

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 13:**

Produce all non-privileged Documents and Correspondence concerning Your formulation and ingredients for REIGN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Monster objects to this Request on the basis that it demands production of potentially confidential documents without the entry of a protective order governing confidentiality. Monster further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence; the "formulation and ingredients for REIGN" are not relevant to this lawsuit. Monster objects to the definitions of "Documents," "Correspondence," and "Your" as overbroad and unduly burdensome. Monster objects to the term "formulation" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Monster responds as follows:

Monster will continue to meet and confer with VPX regarding ESI protocols, search terms, custodians, and date ranges, but will not produce documents until a protective order is in place.

Id. at 12.

3. Discussion

Plaintiff's first argument is that Defendants' letter brief was fourteen minutes late and that Defendants' motion should be denied on this ground alone. ECF No. 131 at 2, n.1. Though correct, Plaintiff has not identified any prejudice as a result and the Court is not willing to deny the motion based on this lapse. Consequently, Plaintiff's argument in this regard is not dispositive. The parties are, however, informed that any future violations of the Court's orders may result in automatically granting relief sought by the non-violating party. Similarly, the Court need not address VPX's argument that Plaintiff misled VPX by leading VPX to believe that Plaintiff would provide the information once a protective order is entered because VPX cannot show that it was prejudiced by Plaintiff's response. VPX is able to compel this information and there is no indication that VPX was otherwise impeded in its efforts to obtain this information.

a. Trade Secret Or Similar Confidential Information

In its response, Plaintiff provided a declaration to support its position that Plaintiff considers the formulation of REIGN Total Body Fuel to be a trade secret or other similar confidential information. ECF No. 131-1 at 1-4. As discussed with respect to the BANG formulation, Plaintiff sufficiently carried its burden in establishing that that the REIGN ingredients are adequately treated as a trade secret or similar confidential information.

/ / /

b. Relevance And Need

Defendants' argument for the relevance and need of the REIGN formulation appears to be summarized in the following concluding paragraph in Defendants' opening letter brief:

> To the extent the Court finds that one formula is relevant – of VPX's BANG® – then the Court must treat in a similar fashion those formulas for Monster's own products. Monster cannot support its statement in the FAC that a retailer is inaccurately comparing BANG® to Monster's Reign – and claim that BANG's formula is relevant – while at the same time hide behind its own labels. The Court must treat these labels consistently.

ECF No. 130 at 3. VPX also argues that "those ingredients and quantities in the R[EIGN] drinks are likewise relevant and necessary for VPX to evaluate Monster's claims and VPX's defenses, including unclean hands and a lack of damages." Id.

Plaintiff responds by arguing that VPX has not shown that the REIGN formulation is relevant or that it is necessary. Finally, in its reply, VPX argues that the cases cited by Plaintiff do not stand for the proposition argued by Plaintiff, but rather allows for a broader scope to obtain information if it generally relates to a claim that lies in equity.

In their Answer to the First Amended Complaint, Defendants assert the following affirmative defense of unclean hands:

> Plaintiff has "unclean hands" with respect to the matters alleged in the Complaint and, therefore, is barred from maintaining the causes of action asserted therein.

ECF No. 123, Answer to First Am. Compl. at 25.

However, this is not "sufficient to put [Plaintiff] on notice that [Defendants] intended to raise [unclean hands] allegations regarding" Plaintiff's labelling as a whole. Pom Wonderful LLC v. Welch Foods, Inc., 737 F.Supp.2d 1105, 1112 (C.D. Cal. 2012); see ECF No. 130 at 3 ("If Monster wants to stand up at trial and say a specific amount of certain ingredients are too small for an energy drink company to put on a label, Monster makes arguments about what consumers expect and what is industry standard quantity, then Monster's credibility and the industry standards will be disputed by Monster's own advertising, labeling practices, and formulas").

Additionally, the defense of unclean hands is narrowly focused and the "misconduct that forms the basis for the unclean hands must be directly related to plaintiff's use or acquisition of the right in suit." Id. at 1110 (quoting as modified Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F.Supp.2d 109, 113 (S.D.N.Y. 2005)). This defense would therefore allow for discovery "*as to the controversy at issue.*" Fuddruckers, Inc. v. Doc.'s B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987) (emphasis in original) (quoting Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir. 1985)).

Here, Plaintiff's allegations relate to Defendants' representations regarding "creatine" and "Super Creatine." ECF No. 131 at 3. In an effort to broaden the scope of discovery for their unclean hands defense, without citing to the First Amended Complaint or any other briefing, Defendants appear to argue that Plaintiff's case is related to the entire marketing and labelling of the BANG drinks. See ECF No. 133 at 2. The Court does not agree with Defendants' characterization and finds Plaintiff's own characterization of its case to be more accurate.

Though the Court is mindful that the defense of unclean hands should not be too narrowly construed, see POM Wonderful LLC v. Coca Cola Co., 166 F. Supp. 3d 1085, 1095 (C.D. Cal. 2016) (noting that "'[d]irect relation,' . . . is not the standard applied in the Ninth Circuit" to apply the unclean hands defense in a Lanham Act matter), especially for discovery purposes, Defendants have not shown how Plaintiff's formulation, not having to do with the advertising of "creatine" or "Super Creatine," is relevant or necessary for Defendants to assert their defense of unclean hands regarding the presence of "creatine" or "Super Creatine" in BANG. See Fuddruckers, 826 F.2d at 847 (affirming dismissal of unclean hands affirmative defense where the alleged misrepresentation by plaintiff was not misleading or material to the trade dress claim being asserted); see also Campagnolo S.R.L. v. Full Speed Ahead, Inc., 258 F.R.D. 663, 666 (W.D. Wash. 2009) (striking defendant's unclean hands defense because it related to the allegedly misleading weight of plaintiff's bicycle crankset and the issue at trial was the stiffness to weight ratio of defendant's crankset).

c.  Injury To Plaintiff's By Production

Because the Court concludes that the information sought by Defendants is not relevant or necessary to their unclean hands defense, "[t]he balance between the need for information and the need for protection against the injury caused by disclosure is [not] tilted in favor of disclosure." See Coca-Cola Bottling Co. of Shreveport, 107 F.R.D. at 293. Additionally, because Defendants failed "to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed." AECOM Energy, No. CV175398 RSWL(SSx), 2018 WL 4705914, at *3 (quoting In re Remington Arms Company, Inc., 952 F.2d 1029, 1032 (8th Cir. 1991)).

4.  Conclusion

Defendants' motion to compel a response to VPX's RFP No. 13 is therefore DENIED.

### III.    CONCLUSION

For the reasons set forth previously,

- Plaintiff's Motion to Compel with respect to the Special Interrogatory No. 1 is GRANTED and Defendants are ordered to provide the requested information as it relates to BANG products claimed by Defendants to contain "creatine" or "Super Creatine" by

the close of business on Monday, October 21, 2019, subject to any objections or motions to re-consider that may be properly filed by Defendants.

- Defendants' motion to compel a response to VPX's RFP No. 13 is therefore DENIED.

**IT IS SO ORDERED.**