M. D. SCULLY (SBN 135853)
mscully@grsm.com
TIMOTHY K BRANSON (SBN 187242)
tbranson@grsm.com
SEAN P. FLYNN (SBN: 220184)
sflynn@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
PETER G. SIACHOS (*Appearing Pro Hac Vice*)
psiachos@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 230-7441
Fax: (619) 696-7124

MARC J. KESTEN (SBN: 152741)
FRANCIS MASSABKI (*Appearing Pro Hac Vice*)
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Phone: (954) 641-0570
Fax: (954) 389-6254
Legal@vpxsports.com

Attorneys for Defendants
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS;
and JOHN H. OWOC, a.k.a. JACK OWOC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual<br><br>Defendants. | CASE NO. 5:18-cv-01882-JGB-SHK<br><br>**DEFENDANT VITAL PHARMACEUTICAL, INC.'S REPLY BRIEF IN SUPPORT OF OBJECTIONS AND NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL (ECF NO. 136)**<br><br>District Judge:<br>Hon. Jesus G. Bernal<br><br>Magistrate Judge:<br>Hon. Shashi H. Kewalramani<br><br>Date: December 9, 2019, 9:00 a.m. |

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Vital Pharmaceuticals, Inc. ("VPX") files this Reply brief in response to the Opposition filed by Monster Energy Company ("Monster"). VPX's motion for reconsideration should be granted and its objections should be sustained regarding the Honorable Shashi H. Kewalramani United States Magistrate Judge's order dated October 16, 2019 (ECF No. 136) (the "Order"). The proper outcome is to deny Monster's motion to compel VPX's production relating to VPX's closely-held proprietary trade secret formula for its BANG® energy drinks – or alternatively the Court should grant VPX's motion to compel Plaintiff Monster Energy Company's production of its competing REIGN energy drinks.

## I.    INTRODUCTION

First, the Court cannot both say Monster's claims are limited to the quantity of "creatine" in BANG in denying VPX's motion to compel, and still compel VPX to produce more than the quantity of creatyl-l-leucine.  Further, since VPX disclosed the quantity of creatyl-l-leucine and caffeine, the formula is no longer necessary.

Second, as the Protective Order itself makes clear, there is no agreement in place with respect to the protection to Highly-Confidential and trade secret information at trial, including the information which is the subject of this motion for reconsideration: VPX's formulas.  VPX contends that Monster – a notorious

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

trademark bully (*see* cites in ECF No. 131, page 2, footnote 1) – sued VPX for improper purposes to compete with VPX's BANG product by introducing competing REIGN product that is nearly identical.  VPX also contends that Monster sued VPX for anti-competitive reasons, including to try to obtain this proprietary formula.  Now, in its Opposition, Monster is willing to misrepresent the scope of the protections provided by the Protective Order in order to try to obtain this proprietary information at trial.

## II.   UNCONTESTED FACTS

Monster does not dispute that it is a competitor of VPX. In fact, because the parties are competitors, Monster contends that its own formulas would be harmful if disclosed to VPX.

Monster does not dispute that Monster introduced a competitive product, REIGN, that is similar to BANG both with respect to ingredients and advertising/labels.  Monster acknowledges it is trying to compete with BANG by introducing this REIGN product, which occurred after the filing of this lawsuit.

Monster does not dispute that VPX disclosed the amount of creatyl-l-leucine (less than 40 mg) and the amount of caffeine (300 mg).

Monster does not dispute that its prior counsel in this case was disqualified or that VPX has valid concerns that this information should not be provided to competitors.

///

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL        Case No. 18-cv-01882**

## III.   LEGAL ARGUMENT

### 1.  The Protective Order Does Not Adequately Protect VPX With Respect to Trial or Undisclosed Industry Experts

Despite Monster's argument in its Opposition that the Protective Order would address all of VPX's concerns or "adequately protect" the parties' confidential information (Opposition, ECF No. 147, 2:17-28), the Protective Order says the parties must address issues related to trial with the trial judge:

> Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

ECF No. 125, Paragraph 3, 6:7-8. *See also*, Id., Paragraph 12.2, 16:15-16:

> 12.2 This Order does not govern the treatment of Protected Material at trial, which shall be raised by the parties but separately addressed by the Court.

Thus, Monster's argument that Monster's executive and employees will not have access to the formula is at least misleading, if not entirely false.

VPX raised this concern in its Opposition to Monster's Motion to Compel, as well as in its Objections and Motion for Reconsideration.  See ECF No. 132, page 2, *citing Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, 2017 U.S. Dist. LEXIS 163624 (M.D. Pa. Sep. 28, 2017) ("[I]t would be divorced from reality to believe that either party here would serve as the champion of its competitor . . . to maintain the confidentiality designation or to limit public disclosure . . . during trial." (*quoting Micro Motion, Inc. v. Kane Steel Co., Inc.*,

**Gordon Rees Scully Mansukhani, LLP**
**101 W Broadway, Suite 2000**
**San Diego, CA  92101**

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF**
**MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL     Case No. 18-cv-01882**

894 F.2d 1318, 1325 (Fed. Cir. 1990)).  *See also*, ECF No. 140, 11:13-12:5.

Monster does not contend that it will keep this information secret at trial.

VPX argued that the Protective Order does not protect VPX at trial.  ECF No. 130, 12:13-14 ("The Protective Order is Not Sufficient Protection for a Competitor Obtaining this Information at Trial.").  Monster's Opposition glosses over this fact.  Monster's arguments regarding the scope of the language of the Protective Order should be disregarded by the presiding Article III Judge.  Judge Kewalramani made a mistake in applying Monster's misleading facts about the application of the protective order and misapplied the law.  Judge Kewalramani does not (and cannot) address how the Article III Judge should handle this information at trial and other open headings.  Monster appears to recognize this fact.  ECF No. 147 ("the protective order did not attempt to dictate trial procedures.")

In addition, VPX raised concerns about undisclosed industry experts who should not be permitted to see this proprietary formula just because they are defined as "Experts" under the Protective Order (which currently permits consultants, independent contractors, and other third parties so long as they are not likely to be "employees").  ECF No. 125, Paragraph 2.8, 4:23-27.

For the foregoing reasons, the Order is clearly erroneous.  Further, a protective order must be in place to protect VPX's interests in the event that this information is compelled.

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

- 4 -

### 2. Monster Has Not Shown that the Entire Unredacted Formula for BANG is Necessary

VPX maintains that the formula and quantities of all ingredients are not relevant or necessary. Monster states in its Opposition "VPX broadly argued that *all* BANG ingredient quantities were irrelevant." Citing ECF No. 30, page 2. But Monster ignores that VPX was arguing that Monster cannot meet its burden to show relevance of this information since **VPX had disclosed the quantity of caffeine** and Monster makes the same statements on its label regarding what ingredients are contained within it:

> Monster does not allege that consumers chose BANG® over a Monster product because BANG® is advertised as having a certain *quantity* of any ingredient or that VPX even advertises certain *quantities* of ingredients for which consumers would rely. Monster's allegations in support of those three causes of action are not about the quantities of any ingredient in BANG®, including creatyl-L-leucine. *See* FAC, Paragraphs 122, 132, 141. The only relevant factual information is 1) whether BANG contains creatyl-L-leucine, to which Monster admits and its own testing confirms (*See* Exhibit A to the FAC) and 2) whether BANG® provides "Fuel" for the body and mind, which is abundantly supported by the uncontroverted fact that BANG® contains 300 mg of caffeine, as stated on the BANG® label. Similarly, Monster's knockoff Reign energy drink advertises 300 mg of caffeine, BCAA Aminos, CoQ10, and B Vitamins, with the copycat tagline "Total Body Fuel". Monster cannot, in good faith, argue to this Court that a certain quantity of creatyl-L-leucine must be present to advertise an energy drink as "fuel" given Monster calls its copycat REIGN product "fuel" and it contains no creatyl-L-leucine.

Now, VPX has also disclosed the quantity of creatyl-l-leucine to Monster. VPX maintains this position with respect to the full, unredacted formula is not

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL      Case No. 18-cv-01882**

necessary, and Magistrate Judge Kewalramani erred in compelling the formula without evidence that the entire formula is necessary.  Monster does not need the entire formula, nor all quantities of all ingredients, based on either Monster's allegations or VPX's defenses.

### 3. The Court is Permitted to Consider New and Different Material Facts in a Motion for Reconsideration Under Local Rule 7-18.

Monster does not address the Court's ability to reconsider the Magistrate Judge's decision based on "a material difference in fact," and/or "new material facts" "occurring after the time of such decision," pursuant to Local Rule 7-18. While VPX maintains its position that the Magistrate Judge made a factual error,[1] VPX is also providing the Court with the facts that have since been disclosed during the Parties' efforts to resolve this dispute while maintaining the secrecy of the proprietary formula.

Monster does not dispute that VPX recently disclosed there are less than 40 mg of creatyl-l-leucine in BANG – nor does Monster dispute that VPX disclosed that there are 300 mg of caffeine in BANG.  Likewise, Monster does not dispute

---

[1] Although the court in *Estate of Gonzales ex rel. Gonzales v. Hickman*, 2007 WL 3231956, at *2–3 (C.D. Cal. Apr. 18, 2007) held that "[i]n reviewing the magistrate judge's order for factual error, the district court is limited to the record that the magistrate judge had before her in the proceeding below," this statement is based on the premise that the newly presented evidence had existed when the Magistrate Judge made the ruling, and the party chose not to submit the then-existing evidence.  Here, VPX respectfully requests the court to reconsider Plaintiff's motion to compel based on the newly disclosed facts in the case.

- 6 -

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

that there are 300 mg of caffeine in Monster's copycat REIGN product; nor that

Monster designed its REIGN product to mimic BANG's successful product.

Monster does not dispute that the REIGN product essentially copies all the relevant

ingredients of BANG (other than creatyl-l-leucine).  And that is why the Court

must consider the formulas for both BANG *and* REIGN in connection with each

other.

The formulas relate to the elements of the causes of action that Monster is

asserting – for whether these advertisements/labels are truthful, misleading, or

material.  The context of a competitor's nearly identical product and

advertising/labels, namely Monster's REIGN product, is thus necessary for the fact

finder to evaluate Monster's claims against VPX.

If Monster feels it is not misleading to advertise the ingredients CoQ10,

BCAAs, and other ingredients on Monster's REIGN product, then how is it

actionable for BANG's can to contain the same ingredients and advertising on its

labels?  This goes to the heart of VPX's defense, which was addressed in VPX's

motion for reconsideration – yet (1) was not considered by Magistrate Judge

Kewalramani, (2) was not addressed in the order denying Monster's Motion for a

Preliminary Injunction, and (3) was likewise absent from Monster's Opposition to

this motion for reconsideration.  It is not simply the defense of unclean hands that

Magistrate Judge Kewalramani got wrong, it is also the lack of any evaluation of

Monster's own causes of action and what Monster must prove factually in order to

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF**
**MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL      Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

maintain that position.  As addressed by VPX, Monster cannot with a straight face make these claims against VPX based on VPX's formula and quantities of ingredients while disclosing Monster's formula and ingredients.  Monster must use this argument about whether 40 mg of one ingredient is sufficient as a sword against VPX (while 300 mg of caffeine is not sufficient energy), and hide behind a shield Monster's own formulas and labeling practices.

## 4.  Alternatively, Monster's Formula For REIGN Should Be Compelled

Monster does not dispute or even address the elements of a Lanham Act 43(a) false advertising claim, tacitly acknowledging that VPX raised issues that Monster must prove as elements of a claim in order to prevail.  These issues were raised in VPX's Motion for Reconsideration.  ECF No. 140, 14:5-16:10; *See also*, ECF No. 122, page 5.

VPX argued that when considering the relevance and necessity of the information in REIGN's formula, the Court must evaluate all the other elements when determining that Monster's formula is relevant (i.e., REIGN's knockoff formula is just as relevant to consumer expectations, reasonable reliance on reference to ingredients on labels (versus what is in the formula), Monster's claim that it is damaged by VPX's advertising, and VPX's unclean hands defense.

Monster addressed only unclean hands, and the cases Monster cited were inapposite.  *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987) is distinguishable because VPX is not trying to establish the unclean hand

defense just by claiming Plaintiff's advertisement and label is deceptive and misleading. Defendant's unclean hands defense is also based on the fact that Plaintiff launched a nearly identical product to directly competes with VPX's BANG product, and the purpose of this lawsuit and compelling the full formula of VPX's product is to gain unfair competition advantage in the market.

*Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663 (W.D. Wash. 2009) is likewise distinguishable because VPX's unclean hands defense is not based on misconduct in the abstract or based solely on mere allegations that Plaintiff falsely advertised its product. Again, VPX needs this information to show Monster is using this lawsuit as a weapon to gain unfair competition advantages to show both that Monster has unclean hands, that Monster is not damaged by the alleged statements, and that this case is exceptional.

## 5. <u>CONCLUSION</u>

For the reasons set forth above and in the remainder of the record before the Court, VPX seeks an order denying Monster's motion to compel further responses to Interrogatory No. 1 regarding the formula for BANG. In the alternative, VPX seeks an order compelling production of the REIGN formula so VPX can evaluate Monster's proof with respect to each element of its claims and to evaluate all defenses available to it with respect to Monster's allegations including unclean hands.

///

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL     Case No. 18-cv-01882**

Dated:  November 25, 2019

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

By:   */s/ Michael D. Kanach*
      M.D. Scully
      Timothy K. Branson
      Sean P. Flynn
      Holly L.K. Heffner
      Michael D. Kanach
      Peter G. Siachos
      Attorneys for Defendants
      VITAL PHARMACEUTICALS, INC.,
      d/b/a VPX Sports;
      JOHN H. OWOC, a.k.a. JACK OWOC

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL        Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, 275 Battery Street, Suite 2000, San Francisco, CA 94111, my electronic mail address is mkanach@grsm.com.  On November 25, 2019, I served the foregoing document(s) entitled: **DEFENDANT VITAL PHARMACEUTICAL, INC.'S OBJECTIONS AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL (ECF NO. 136)** as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for MONSTER ENERGY COMPANY**

| | |
|---|---|
| John C. Hueston | Jennifer Bunn Hayden |
| Moez Kaba | Christina Von der Ahe Rayburn |
| Steven N. Feldman | HUESTON HENNIGAN LLP |
| Joseph A. Reiter | 620 Newport Center Dr., Suite 1300 |
| Michael H. Todisco | Newport Beach, CA  92660 |
| Sourabh Mishra | Phone: 949-284-6312 |
| Lauren McGrory Johnson | Fax: 888-775-0898 |
| Varun Behl | jbhayden@hueston.com |
| HUESTON HENNIGAN LLP | crayburn@hueston.com |
| 523 West 6th Street, Suite 400 | |
| Los Angeles, CA  90014 | |
| Phone:  213-788-4340 | |
| jhueston@hueston.com | |
| mkaba@hueston.com | |
| sfeldman@hueston.com | |
| jreiter@hueston.com | |
| mtodisco@hueston.com | |
| smishra@hueston.com | |
| ljohnson@hueston.com | |
| vbehl@huestons.com | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL      Case No. 18-cv-01882**

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

1    Executed on November 25, 2019 at San Mateo, California.

2                                                        */s/ Michael D. Kanach*

3                                                        Michael D. Kanach

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

1175874/48693782v.1

**REPLY IN SUPPORT OF OBJECTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE ORDER RE MOTIONS TO COMPEL      Case No. 18-cv-01882**