UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1882 JGB (SHKx)** | Date | December 5, 2019 |
| Title | *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order (1) OVERRULING Defendants' Objections to and DENYING Defendants' Motion for Reconsideration of Magistrate Judge Kewalramani's October 16, 2019 Order (Dkt. No. 140); and (2) VACATING the December 9, 2019 Hearing (IN CHAMBERS)

Before the Court is Defendants' objections to and motion for reconsideration of Magistrate Judge Sashi H. Kewalramani's October 16, 2019 Order. ("Motion," Dkt. No. 140.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court OVERRULES the objections and DENIES the motion for reconsideration. The hearing scheduled for December 9, 2019 is VACATED.

## I.  BACKGROUND

Plaintiff Monster Energy Company ("Monster") commenced this action in September 2018 against Vital Pharmaceuticals, Inc. ("VPX") and John H. Owoc ("Defendants"). (Dkt. No. 1.) In May 2019, after Monster filed a first amended complaint, ("FAC," Dkt. No. 61), the Court denied in part Defendants' motion to dismiss and concluded Monster sufficiently pleads Lanham Act, unfair competition, and false advertising claims, among other claims. ("MTD Order," Dkt. No. 95.) The FAC alleges Defendants label and market BANG Energy Drink, but that BANG does not provide the extraordinary benefits advertised. In particular, Plaintiff alleges there is no creatine in BANG and that "Super Creatine" is in fact creatyl-l-leucine, a fundamentally different molecule than creatine, (FAC ¶¶ 51, 52); creatyl-l-leucine is functionally

useless and passes through the body largely unutilized, (id. ¶ 53); and, third, even if creatyl-l-leucine did break down into creatine, which it does not, there is not enough of it in BANG to have a material effect on the body, (id. ¶ 54). Creatyl-l-leucine thus offers no health benefit whatsoever, the FAC alleges. (Id. ¶ 55.)

On October 16, 2019, Magistrate Judge Kewalramani granted Monster's motion to compel and ordered Defendants to provide formulas of BANG products claimed by Defendants to contain creatine or creatyl-l-leucine. ("October 16 Order," Dkt. No. 136.) The October 16 Order also denied Defendants' motion to compel a response to a request for the production of documents concerning a Monster drink. (Id.) Defendants filed the Motion on October 30, 2019. (Mot.) Monster opposed the Motion, ("Opposition," Dkt. No. 147), and Defendants replied, ("Reply," Dkt. No. 150).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), when a non-dispositive pretrial matter is referred to a magistrate judge, a party may serve and file objections to the magistrate judge's order within fourteen days of being served with the order. Fed. R. Civ. P. 72(a). An objecting party must file a motion for review by the assigned district judge, designating the specific portions of the ruling objected to. L.R. 72-2.1. The district judge must then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P 72(a). The "contrary to law" standard governs a district judge's review of a magistrate judge's determinations that are purely legal in nature. Brooks v. Motsenbocker Advanced Developments, Inc., 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008). The "clearly erroneous" standard governs a district court's review of a magistrate judge's factual determinations. Maisonville v. F2 America, Inc., 902 F.2d 746, 747-748 (9th Cir. 1990).

## III. DISCUSSION

The Motion consists of two objections to the October 16 Order and a request for "reconsideration" on the basis of a "new fact." The first objection is that the October 16 Order does not "fully consider" harm to VPX and the risks of disclosure of the formula to an "aggressive competitor at trial." (Mot at 3.) The second objection is that Magistrate Judge Kewalramani did not "properly evaluate" whether the disclosure was necessary to the parties' claims and defenses. (Id.) In relation to this second objection, Defendants argue the disclosure of the BANG formulas is not necessary, because they recently admitted that the quantity of creatyl-l-leucine is less than 40 milligrams in 16-ounce cans of BANG. Defendants do not attempt to argue the October 16 Order failed to set forth the relevant law governing motions to compel or trade secrets. Rather, their objections are that Magistrate Judge Kewalramani reached a mistaken conclusion as to harm and necessity of the disclosure. Defendants' objections are vague and fail to point to a specific factual determination that was mistaken, let alone a clearly erroneous one.

Defendants' first objection concerns the injury to VPX if it is compelled to disclose the formula. Pursuant to the parties' protective order, (Dkt. No. 125), and the October 16 Order, Defendants would have to reveal the BANG formula in its entirety to Monster's "Outside Counsel"[1] and potentially to experts who sign a confidentiality agreement. (Oct. 16 Order at 2, 8.) Defendants argue Magistrate Judge Kewalramani failed to consider the possibility that this information could be revealed to Monster at trial. (Mot. at 6, 11-12 ("There are no procedures in place to protect this information from being disclosed at trial and causing harm to VPX.").) Yet, Defendants fail to cite a single case for the proposition that the magistrate judge is required to consider the risk of disclosure at trial when considering a motion to compel. Defendants also ignore that the use of protected material at trial will be managed by a trial judge, who may consider motions in limine and will evaluate the necessity other measures to manage these risks, if and when the case is ultimately tried. The first objection is based on a speculative harm, is not grounded in law, and is therefore without merit.

Defendants' second objection is that disclosure of the BANG formula is not necessary to Monster's claims. On this point, Defendants do not object to the law applied in the October 16 Order. Rather they argue that since the decision, VPX "disclosed the quantity of [Super Creatine] in BANG" so the disclosure of the remainder of the formula is not necessary. (Mot. at 8.) Defendants ask the Court to consider this "new fact," (id. at 3), and to reevaluate the October 16 Order's determination of necessity. The Court rejects this argument for several reasons.

First, the request is procedurally suspect. Defendants could have directed the motion to reconsider to Magistrate Judge Kewalramani himself. Obesity Research Inst., LLC v. Fiber Research Int'l, LLC, 2016 WL 3167332, at *1 (S.D. Cal. June 7, 2016), objections overruled, 2017 WL 3335736 (S.D. Cal. Aug. 4, 2017). Instead they seek a reconsideration or substitution of this Court's judgment for that of the deciding court, which is not permitted. Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted). Nevertheless, if new evidence is offered in a party's objection to a magistrate judge's ruling, the district court has discretion to consider the evidence, although it is not required to do so. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). The Court here considers the new circumstance, and determines that it changes nothing.

The "new evidence" is not material and is of Defendants' own making. Defendants state they have "disclosed the quantity" of creatyl-l-leucine, but even on this point the Motion equivocates. (Mot. at 9.) It seems that Defendants have not disclosed the quantity of creatyl-l-leucine at all, but have simply admitted that the quantity is less than 40 milligrams in each 16 ounce can. (Mot. at 4.) Moreover, this admission was made only after Magistrate Judge Kewalramani's decision, but could have been made at any time before. Defendants' "new fact" was known to Defendants long before the motion to compel, so cannot qualify as a "newly

---

[1] The stipulated protective order defines Outside Counsel to exclude House Counsel, which is in turn defined as attorneys who are employed by any party to the action. (Dkt. No. 125 ¶ 2.9.)

discovered fact" that could not have been found earlier even with "the exercise of reasonable diligence."  See L.R. 7-18(a).

Even with VPX's new admission, Magistrate Judge Kewalramani's finding of necessity holds.  VPX has not disclosed the amount of creatyl-l-leucine, but has only admitted it is less than 40 milligrams.  The precise quantity goes to the materiality of the deception, which is a prong of the Lanham Act, unfair competition, and false advertising claims.  Newcal Indus., Inc. v. Ikon Office Sol., 513 F.3d 1038, 1052 (9th Cir. 2008).  Moreover, VPX has argued that all the ingredients in BANG work synergistically to contribute to the claimed benefits, (Dkt. No. 100 ¶ 38), and the interaction of creatyl-l-leucine with other ingredients would be difficult to determine without the formula.

Defendants request in the alternative that the Court reconsider Magistrate Judge Kewalramani's decision denying VPX's request for Monster's formula.  (Mot. at 12-15.)  But they fail to point to any legal or factual error, and largely attempt to reargue the substance of the original motion to compel.  But a magistrate judge's order is "not subject to de novo determination," and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court."  Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citations omitted).  The Court finds no reason to disturb Magistrate Judge Kewalramani's ruling.

## IV.  CONCLUSION

For the reasons above, the Court OVERRULES Plaintiff's First and Second Objections and DENIES the motion for reconsideration.  The hearing scheduled for December 9, 2019 is VACATED.

**IT IS SO ORDERED.**