# EXHIBIT 2

M.D. SCULLY (SBN 135853)
mscully@grsm.com
TIMOTHY K BRANSON (SBN 187242)
tbranson@grsm.com
SEAN P. FLYNN (SBN: 220184)
sflynn@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
PETER G. SIACHOS (*Appearing Pro Hac Vice*)
psiachos@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 230-7441
Fax: (619) 696-7124

MARC J. KESTEN (SBN: 152741)
FRANCIS MASSABKI (*Appearing Pro Hac Vice*)
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Phone: (954) 641-0570
Fax: (954) 389-6254
Legal@vpxsports.com

Attorneys for Defendants
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS;
and JOHN H. OWOC, a.k.a. JACK OWOC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual<br><br>Defendants. | CASE NO. 5:18-cv-01882-JGB-SHK<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO SHOOK, HARDY & BACON**<br><br>District Judge:<br>Hon. Jesus G. Bernal<br><br>Magistrate Judge:<br>Hon. Shashi H. Kewalramani<br><br>Complaint filed: Sept. 04, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendants VITAL PHARMACEUTICALS, INC. d/b/a VPX SPORTS and JOHN OWOC ("Defendants"), by and through their attorneys of record, will serve a subpoena on Shook, Hardy & Bacon, Jamboree Center, 5 Park Plaza, Suite 1600, Irvine, CA 92614. Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, a copy of an associated subpoena commanding the production of documents is attached as Exhibit A.

Dated: November 7, 2019

GORDON REES SCULLY MANSUKHANI LLP

By: _____
M.D. Scully
Timothy K. Branson
Sean P. Flynn
Holly L.K. Heffner
Michael D. Kanach
Peter G. Siachos
Attorneys for Defendants
VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports;
JOHN H. OWOC, a.k.a. JACK OWOC

- 1 -
NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO SHOOK, HARDY & BACON
Case No. 18-cv-01882

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA 92101, my electronic mail address is mcerezo@gsm.com. On November 7, 2019, I served the foregoing document(s) entitled **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO SHOOK, HARDY & BACON** as follows:

☒ **BY ELECTRONIC MAIL** by transmitting via electronic mail the document(s) listed above to the address(es) listed below on this date pursuant to FRCP 5(b)(2)(E).

**Counsel for MONSTER ENERGY COMPANY**

| | |
|---|---|
| John C. Hueston | Jennifer Bunn Hayden |
| Moez Kaba | Christina Von der Ahe Rayburn |
| Steven N. Feldman | HUESTON HENNIGAN LLP |
| Joseph A. Reiter | 620 Newport Center Dr., Suite 1300 |
| Michael H. Todisco | Newport Beach, CA 92660 |
| Sourabh Mishra | Phone: 949-284-6312 |
| Lauren McGrory Johnson | Fax: 888-775-0898 |
| Varun Behl | jbhayden@hueston.com |
| HUESTON HENNIGAN LLP | crayburn@hueston.com |
| 523 West 6th Street, Suite 400 | |
| Los Angeles, CA 90014 | |
| Phone: 213-788-4340 | |
| jhueston@hueston.com | |
| mkaba@hueston.com | |
| sfeldman@hueston.com | |
| jreiter@hueston.com | |
| mtodisco@hueston.com | |
| smishra@hueston.com | |
| ljohnson@hueston.com | |
| vbehl@huestons.com | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on November 7, 2019 at San Diego, California.

_____
Maria G. Cerezo

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MONSTER ENERGY COMPANY<br>*Plaintiff*<br>v.<br>VITAL PHARMACEUTICALS, INC., et al.<br>*Defendant* | )<br>)<br>) Civil Action No. 5:18-cv-01882-JGB-SHK<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Shook Hardy & Bacon, Jamboree Center, 5 Park Plaza, Suite 1600, Irvine, CA 92614

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Gordon Rees Scully Mansukhani LLP<br>101 W Broadway, Suite 2000<br>San Diego, CA 92101 | Date and Time:<br>December 9, 2019 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 7, 2019

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*
                                                            Timothy K. Branson

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vital Pharmaceuticals, Inc. dba VPX Sports; John H. Owoc aka Jack Owoc , who issues or requests this subpoena, are: Timothy K. Branson, Gordon Rees Scully Mansukhani, LLP, 101 W Broadway, Suite 2000, San Diego, CA 92101 (619) 230-7441; tbranson@grsm.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 5:18-cv-01882-JGB-SHK   Document 164-7   Filed 01/22/20   Page 7 of 15   Page ID #:3911

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:18-cv-01882-JGB-SHK   Document 164-7   Filed 01/22/20   Page 8 of 15   Page ID #:3912

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## **INSTRUCTIONS**

1. That Responding Party produce and permit Propounding Party to inspect and to copy each of the following documents and things requested herein at the office of Gordon & Rees LLP, 101 W. Broadway, Suite 2000, San Diego, California 92101. Propounding Party further requests that Responding Party respond in writing to these requests within thirty (30) days after service hereof.

2. That Responding Party produce and permit Propounding Party to inspect and to copy, test or sample any objects requested herein at the office of Gordon & Rees LLP, 101 W. Broadway, Suite 2000, San Diego, California 92101. Propounding Party further requests that Responding Party respond in writing to these requests within thirty (30) days after service hereof.

3. Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature. If, after responding to these requests, Responding Party obtains or becomes aware of any further responsive documents or things, Responding Party must promptly produce to Propounding Party such additional documents and things.

## **DEFINITIONS**

Words in the following requests are to be given their ordinary meaning as reasonably understood in context, unless specifically defined. Words and phrases shall not be given an unduly restricted or narrower meaning to avoid the plain scope of the following requests.

1. "You" and "Your" means the law firm of Shook, Hardy & Bacon, as well as any predecessors, employees, officers, directors, agents, and representatives.

2. "Monster" means Monster Beverage, Monster Energy Co. and Reign Beverage Co., as well as those entities' predecessors, employees, officers, directors, agents, and representatives.

3. "VPX" means Defendant Vital Pharmaceuticals, Inc., d/b/a/ VPX Sports and Bang Energy, and its predecessors, subsidiaries, parents, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, representatives, employees, consultants, entities acting in joint-venture or partnership relationships, and others acting on its behalf.

4. "Owoc" means Defendant John H. Owoc a.k.a. Jack Owoc.

5. "Defendants" means VPX and Owoc as those terms are defined above.

6. "Bang®" means all versions, past and present, of energy drinks with the word "Bang" on the label that have been or are made, advertised, promoted, sold, and/or offered for sale by VPX worldwide.

7. "Monster products" means all versions, past and present, of beverages, excluding "Reign"-branded products, that have been or are made, advertised, promoted, sold, and/or offered for sale by Monster.

8. "Document," and its variants, mean all materials within the scope of Federal Rule of Civil Procedure 34 and all materials that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of

       Evidence, including, but not limited to: the original and Each nonidentical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether different from the original by means of any notation made on such copies or otherwise, whether in final or draft, and including electronically stored Information and tangible things.

9.   "Communication," and its variants, means any transmission of information in any context or situation by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, on tape, electronically or digitally, either orally, visually or in writing, and includes but is not limited to conversations, correspondence, electronic mail, text messages, data messaging, direct messages, posts on any social media platform (including but not limited to Facebook, Instagram, Reddit, Pinterest, Snapchat, Twitter, Weibo, WeChat, WhatsApp and any other such domestic or international platform (collectively, "Social Media")), public and private Social Media messages, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communications, telephone or message logs, notes or memoranda relating to written or oral communications; and any translation thereof.

10.   The singular form of a word shall include the plural and vice versa.

11.   The words "and," "or" and "and/or" shall be used conjunctively or disjunctively, whichever make the request more inclusive.

12.   The terms "concern" or "concerning," "refer" or "referring," "regard" or

"regarding," and "relate" or "relating" shall be construed in their most inclusive sense, and shall mean, in addition to their customary and usual meaning, discuss or discussing, mention or mentioning, embody or embodying, contain or containing, constitute or constituting, refer or referring, evidence or evidencing, negate or negating, reflect or reflecting, describe or describing, assess or assessing, record or recording, show or showing, support or supporting, underlie or underlying, summarize or summarizing, report or reporting, and without limitation, in any legally, logically, or factually connected with the matter discussed.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between You and the U.S. Food & Drug Administration related to VPX, Owoc, or Bang$_®$, regardless of date.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications between You and the U.S. Food & Drug Administration related to Monster Products, regardless of date.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between You and the Bursor & Fisher law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang$_®$, regardless of date.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and the Nathan & Associates law firm

(including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You and the Barbat, Mansour & Suciu law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and the Kohn, Swift & Graf law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between You and the Greg Coleman law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications between You and the Kercsmar & Feltus law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications between You and the Alderman Law Firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications between You and the Levin Fishbein Sedran & Berman or Levin Sedran & Berman law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications between You and Harke Law LLP (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications between You and the Barnow & Associates law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications between You and the Lite DePalma Greenberg law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang®, regardless of date.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications between You and any other law firm (including any attorneys, paralegals, employees, agents or representatives) in the United States related to VPX, Owoc, or Bang®, regardless of date. (This request excludes any firms or attorneys representing or retained by Monster.)

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications related to media press releases, media statements, and media interviews related to VPX, Owoc, or Bang®, regardless of date. (This request excludes Your internal firm communications, communications with Monster, and communications with other firms or attorneys representing or retained by Monster.)

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications related to VPX, Owoc, or Bang®, regardless of date. (This request excludes Your internal firm communications, communications with Monster, and communications with other firms or attorneys representing or retained by Monster.)