# EXHIBIT 3

1  Frank C. Rothrock (SBN:  54453)
   frothrock@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   Jamboree Center
3  5 Park Plaza, Suite 1600
   Irvine, California 92614-2546
4  Telephone:  949.475.1500
   Facsimile:  949.475.0016
5
   Attorneys for Non-Parties
6  Shook, Hardy & Bacon L.L.P.
   and Marc P. Miles
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MONSTER ENERGY COMPANY, a          )  Case No.:  5:18-cv-1882-JGB (SHKx)
    Delaware corporation,               )
12                                      )  Judge:  Hon.  Jesus G. Bernal
                   Plaintiff,           )  Ctrm.:  1
13                                      )
           vs.                          )  NON-PARTIES SHOOK, HARDY &
14                                      )  BACON L.L.P. AND MARC P.
    VITAL PHARMACEUTICALS, INC.,        )  MILES'S JOINT OBJECTIONS TO
15  d/b/a VPX Sports, a Florida corporation; )  DEFENDANTS' SUBPOENA TO
    and JOHN H. OWOC a.k.a. JACK        )  PRODUCE DOCUMENTS,
16  OWOC, an individual,                )  INFORMATION, OR OBJECTS
                                        )
17                 Defendants.          )
                                        )  Complaint filed:  9/4/18
18                                      )
                                        )
19  _____ )

20         Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Non-parties Shook,

21  Hardy & Bacon LLP and Marc P. Miles (collectively "Non-parties") jointly submit

22  the following objections to Defendants Vital Pharmaceuticals, Inc. and John H.

23  Owoc's (collectively, "Defendants") substantively identical subpoenas to Non-parties,

24  dated November 7, 2019 ("Subpoenas"), which were served on Non-parties on

25  November 8, 2019.  Non-parties object to the Subpoenas, copies of which are attached

26  as Exhibits A and B, as follows:

27

28                                                       Exhibit 3, Page 33

_____
                                   PLAINTIFF'S OBJECTIONS TO SUBPOENAS
                                        CASE NO. 5:18-CV-1882-JGB
4831-2540-6125 V2

1

## OBJECTION TO INSTRUCTION NO. 3

2    The Subpoenas each assert in Instruction No. 3 that "[p]ursuant to Federal Rule

3    26(e), these requests are continuing in nature."  But the Non-parties are not subject to

4    the continuing obligations imposed on parties under Rule 26(e).

5

6

## RESPONSES TO REQUESTS FOR PRODUCTION

7    **REQUEST FOR PRODUCTION NO. 1**:

8    All Communications between You and the U.S. Food & Drug Administration

9    related to VPX, Owoc, or Bang, regardless of date.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

11   The Non-parties object to this Request as harassing, vague, ambiguous, overly

12   broad, assuming facts not in evidence, unreasonably cumulative and duplicative, and

13   unlimited in time and scope.  The Non-parties further object to this Request to the

14   extent it requests information protected by attorney-client privilege and/or attorney

15   work product doctrine.

16

17   **REQUEST FOR PRODUCTION NO. 2**:

18   All Documents and Communications between You and the U.S. Food & Drug

19   Administration related to Monster Products, regardless of date.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

21   Non-parties object to this Request as harassing, vague, ambiguous, overly

22   broad, assuming facts not in evidence, unreasonably cumulative and duplicative, and

23   unlimited in time and scope.  The subject matter of this request is not relevant or

24   proportional to what the Non-parties understand are the needs of this litigation.  Non-

25   parties also object to this Request to the extent it requests information protected by

26   attorney-client privilege and/or attorney work product doctrine.

27

28

**REQUEST FOR PRODUCTION NO. 3**:

All Communications between You and the Bursor & Fisher law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

**REQUEST FOR PRODUCTION NO. 4**:

All Communications between You and the Nathan & Associates law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

Exhibit 3, Page 35

3

**REQUEST FOR PRODUCTION NO. 5**:

All Communications between You and the Barbat, Mansour & Suciu law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

**REQUEST FOR PRODUCTION NO. 6**:

All Communications between You and the Kohn, Swift & Graf law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

Exhibit 3, Page 36

4

4831-2540-6125 V2

**REQUEST FOR PRODUCTION NO. 7**:

All Communications between You and the Greg Coleman law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

**REQUEST FOR PRODUCTION NO. 8**:

All Communications between You and the Kercsmar & Feltus law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation. Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad. Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

4831-2540-6125 V2

1   **REQUEST FOR PRODUCTION NO. 9**:

2       All Communications between You and the Alderman Law Firm (including any

3   attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or

4   Bang, regardless of date.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

6       Non-parties object to this Request as harassing, vague, ambiguous, overly

7   broad, unreasonably cumulative and duplicative, and unlimited in time and scope.

8   The subject matter of this request is not relevant or proportional to what Non-parties

9   understand are the needs of the present litigation.  Non-parties also object to this

10  Request on the basis that the term "related to" is vague and ambiguous and, as

11  defined, overly broad.  Non-parties also object to this Request to the extent it requests

12  information protected by attorney-client privilege, attorney work product doctrine,

13  and/or the common interest privilege.

14

15  **REQUEST FOR PRODUCTION NO. 10**:

16      All Communications between You and the Levin Fishbein Sedran & Berman or

17  Levin Sedran & Berman law firm (including any attorneys, paralegals, employees,

18  agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

20      Non-parties object to this Request as harassing, vague, ambiguous, overly

21  broad, unreasonably cumulative and duplicative, and unlimited in time and scope.

22  The subject matter of this request is not relevant or proportional to what Non-parties

23  understand are the needs of the present litigation.  Non-parties also object to this

24  Request on the basis that the term "related to" is vague and ambiguous and, as

25  defined, overly broad.  Non-parties also object to this Request to the extent it requests

26  information protected by attorney-client privilege, attorney work product doctrine,

27  and/or the common interest privilege.

28

Exhibit 3, Page 38

4831-2540-6125 V2

**REQUEST FOR PRODUCTION NO. 11**:

All Communications between You and Harke Law LLP (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation.  Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad.  Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

**REQUEST FOR PRODUCTION NO. 12**:

All Communications between You and the Barnow & Associates law firm (including any attorneys, paralegals, employees, agents or representatives) related to VPX, Owoc, or Bang, regardless of date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Non-parties object to this Request as harassing, vague, ambiguous, overly broad, unreasonably cumulative and duplicative, and unlimited in time and scope. The subject matter of this request is not relevant or proportional to what Non-parties understand are the needs of the present litigation.  Non-parties also object to this Request on the basis that the term "related to" is vague and ambiguous and, as defined, overly broad.  Non-parties also object to this Request to the extent it requests information protected by attorney-client privilege, attorney work product doctrine, and/or the common interest privilege.

1  **REQUEST FOR PRODUCTION NO. 13**:

2      All Communications between You and the Lite DePalma Greenberg law firm

3  (including any attorneys, paralegals, employees, agents or representatives) related to

4  VPX, Owoc, or Bang, regardless of date.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

6      Non-parties object to this Request as harassing, vague, ambiguous, overly

7  broad, unreasonably cumulative and duplicative, and unlimited in time and scope.

8  The subject matter of this request is not relevant or proportional to what Non-parties

9  understand are the needs of the present litigation.  Non-parties also object to this

10  Request on the basis that the term "related to" is vague and ambiguous and, as

11  defined, overly broad.  Non-parties also object to this Request to the extent it requests

12  information protected by attorney-client privilege, attorney work product doctrine,

13  and/or the common interest privilege.

14

15  **REQUEST FOR PRODUCTION NO. 14**:

16      All Communications between You and any other law firm (including any

17  attorneys, paralegals, employees, agents or representatives) in the United States

18  related to VPX, Owoc, or Bang, regardless of date. (This request excludes any firms

19  or attorneys representing or retained by Monster.)

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

21      Non-parties object to this Request as harassing, vague, ambiguous, overly

22  broad, unreasonably cumulative and duplicative, and unlimited in time and scope.

23  The subject matter of this request is not relevant or proportional to what Non-parties

24  understand are the needs of the present litigation.  Non-parties also object to this

25  Request on the basis that the term "related to" is vague and ambiguous and, as

26  defined, overly broad.  Non-parties also object to this Request to the extent it requests

27

28

1 | information protected by attorney-client privilege, attorney work product doctrine,
2 | and/or the common interest privilege.

3 |

4 | **REQUEST FOR PRODUCTION NO. 15**:

5 | All Documents and Communications related to media press releases, media
6 | statements, and media interviews related to VPX, Owoc, or Bang, regardless of date.
7 | (This request excludes Your internal firm communications, communications with
8 | Monster, and communications with other firms or attorneys representing or retained
9 | by Monster.)

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

11 | Non-parties object to this Request as harassing, vague, ambiguous, overly
12 | broad, unreasonably cumulative and duplicative, and unlimited in time and scope.
13 | The subject matter of this request is not relevant or proportional to what Non-parties
14 | understand are the needs of the present litigation. Non-parties also object to this
15 | Request on the basis that the terms "media press releases," "media statements, "media
16 | interviews," and "related to" are vague and overly broad. Non-parties also object to
17 | this Request to the extent it requests information protected by attorney-client
18 | privilege, attorney work product doctrine, and/or the common interest privilege.

19 |

20 | **REQUEST FOR PRODUCTION NO. 16**:

21 | All Documents and Communications related to VPX, Owoc, or Bang,
22 | regardless of date. (This request excludes Your internal firm communications,
23 | communications with Monster, and communications with other firms or attorneys
24 | representing or retained by Monster.)

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

26 | The Non-parties object to this Request as harassing, vague, ambiguous, overly
27 | broad, assumes facts not in evidence, unreasonably cumulative and duplicative, and

28 |

Case 5:18-cv-01882-JGB-SHK   Document 164-8   Filed 01/22/20   Page 11 of 11   Page ID #:3930

1    unlimited in time and scope. The subject matter of this request is not relevant or

2    proportional to what Non-parties understand are the needs of the present litigation.

3    Non-parties also object to this Request to the extent it requests information protected

4    by attorney-client privilege, attorney work product doctrine, and/or the common

5    interest privilege.

6

7    Dated: November 22, 2019            SHOOK, HARDY & BACON L.L.P.

8

9                                 By:

10                                   Frank C. Rothrock

11                         Attorneys for Non-Parties
                           Shook, Hardy & Bacon L.L.P. and
                              Marc P. Miles

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3, Page 42

10

PLAINTIFF'S OBJECTIONS TO SUBPOENAS
CASE NO. 5:18-CV-1882-JGB

4831-2540-6125 V2