John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Allison L. Libeu, State Bar No. 244487
alibeu@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Plaintiff
Monster Energy Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>Defendant. | Case No. 5:18-cv-1882-JGB-SHK<br><br>**PLAINTIFF MONSTER ENERGY COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' EXPERT WITNESS DREW VOTH**<br><br>Date: February 7, 2022<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal |

**TO ALL PARTIES AND THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that on February 7, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jesus G. Bernal, United States District Judge, in Courtroom 1 of the United States District Court, Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Monster Energy Company ("Monster") will and hereby does move this court for an order excluding certain expert opinions and testimony of Drew Voth, expert witness for Defendants Vital Pharmaceuticals, Inc. ("VPX") and John H. Owoc.

Specifically, Monster moves to exclude Mr. Voth's variable cost, incremental cost, and apportionment opinions contained in at least paragraphs 3(c)-(d), 44-48, and 72-77 of his expert report[1] as inadmissible under Federal Rule of Evidence 702. Mr. Voth's variable cost and incremental cost opinions must be excluded because they depend on key assumptions about sales of Defendants' BANG product that VPX's 30(b)(6) witness revealed were wrong. Mr. Voth's apportionment opinion must be excluded because (1) he contradicts his stated assumption that Defendants will be found liable for false advertising, (2) he merely parrots the opinion of Defendants' survey expert without conducting a separate apportionment analysis; and (3) his opinion is based on only *one part* of Defendants' advertising campaign promoting "Super Creatine" without any analysis of the total damages impact of the entire advertising campaign.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of this Motion served and filed herewith, the Declaration of Jennifer Popp served and filed herewith, and upon such other and further evidence and argument as may be presented to the Court. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 19, 2021.

---

[1] Mr. Voth's expert report is attached as **Exhibit 26** to the Declaration of Jennifer Popp, filed herewith.

- 2 -

Dated: December 20, 2021

Respectfully submitted,

HUESTON HENNIGAN LLP

By: *Sourabh Mishra*
Sourabh Mishra

Attorneys for Plaintiff
MONSTER ENERGY COMPANY