UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1882 JGB (SHKx)** | Date | July 28, 2022 |
|---|---|---|---|
| Title | ***Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.*** | | |

Present: The Honorable JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order (1) GRANTING Plaintiff Monster Energy Company's Ex Parte Application to Exclude Dr. Keykavous Parang's Supplemental Expert Report (Dkt. No. 766) (IN CHAMBERS)**

Before the Court is Plaintiff Monster Energy Company's ("Monster") ex parte application to exclude all references to the supplemental expert report of Defendants Vital Pharmaceuticals, Inc. and John Owoc's (collectively, "Defendants") expert Dr. Keykavous Parang ("Parang Supplemental Report").[1] ("Application," Dkt. No. 766.) Monster filed the Application on July 14, 2022. On July 15, 2022, Defendants opposed.[2] ("Opposition," Dkt. No. 772.) Monster argues that Defendants have failed to timely disclose the Parang Supplemental Report and that its admission at trial will unfairly prejudice Monster. (See Appl.) Defendants argue that the Parang Supplemental Report clarifies Dr. Parang's opinions in his original report based on a newly available, VPX-commissioned study and that preclusion of the report will prejudice Defendants. (See Opp'n.)

[1] Monster has filed an application to provisionally file documents in support of the Application under seal. ("Seal Application," Dkt. No. 767.) After reviewing the Seal Application and the attached materials, the Court finds that Monster has shown good cause. Accordingly, the Court GRANTS the Seal Application.

[2] On July 18, 2022, Monster filed a reply. ("Reply," Dkt. No. 779.) Defendants filed a response to the Reply on July 21, 2022. ("Response," Dkt. No. 782.) As Defendants note, neither party sought this Court's leave to file supplemental briefing. Accordingly, the Court declines to consider the Reply or the Response.

A party must disclose any expert testimony it plans to use at trial "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The disclosure must include the expert's report, in which the expert provides "a complete statement of all opinions the witness will express and the basis and reasons for them" and identifies "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Id. 26(a)(2)(A)-(B). If a party fails to timely disclose such reports, then "the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Defendants failed to timely disclose the Parang Supplemental Report. The Court ordered the parties to designate rebuttal expert witnesses by June 2, 2021 and to conclude expert discovery by June 23, 2021. (Dkt. Nos. 385, 425.) Defendants did not disclose the Parang Supplemental Report to Monster until July 13, 2022, more than one year after this Court's closed discovery.[3] Defendants never informed Monster or the Court of a new study or a forthcoming supplemental report from Dr. Parang prior to July 13, 2022. Dr. Parang's original report did not state that he planned to provide additional opinions on any subject matter.

Moreover, the failure was neither substantially justified nor harmless. Defendants assert that their counsel belatedly learned of the VPX-commissioned study within the last month. This reason fails to justify flagrant breaches of the Federal Rules of Civil Procedure and this Court's orders. Nor does it explain Defendants' counsel's decision to not inform Monster or the Court of the study until after Dr. Parang had reviewed it and drafted a supplemental report. That Defendants chose to keep the study secret until they could confirm the results were favorable and then disclosed the Parang Supplemental Report less than a month before trial signals impermissible gamesmanship. These actions also unfairly prejudice Monster, which has not had any opportunity to seek discovery about the underlying study, depose Dr. Parang about his new opinions, or move to exclude the study, supplemental report, or testimony pertaining to either.

Accordingly, the Court GRANTS the Application and EXCLUDES the Parang Supplemental Report, any testimony regarding the Parang Supplemental Report, and any testimony regarding the opinions, theories, data, and studies referenced in the Parang Supplemental Report.

**IT IS SO ORDERED.**

---

[3] Defendants argue that the deadline to disclose a supplemental expert report is thirty days before trial. (Opp'n at 5 (citing Fed. R. Civ. P. 26(a)(3), (e)(2)).) But the deadline they reference is for pretrial disclosures, not expert disclosures. Even if this rule applied, Defendants' disclosure was late as they served the Parang Supplemental Report on Monster twenty-seven days before trial. Accordingly, Defendants' disclosure was not timely under any formulation.