JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>            Defendants. | Case No. 5:18-cv-1882-JGB-SHK<br><br>**JUDGMENT**<br><br>Hon. Jesus G. Bernal |

Plaintiff Monster Energy Company ("Monster") filed its First Amended Complaint against Defendants Vital Pharmaceuticals, Inc. ("VPX" or "Vital") and John H. "Jack" Owoc ("Owoc" or "Mr. Owoc," and collectively with VPX, "Defendants") on April 3, 2019. (Dkt. No. 61.) The First Amended Complaint asserted twelve causes of action against Defendants: (1) violation of Section 43(a) of the Lanham Act, 15 § U.S.C.; (2) violation of California's Unfair Competition Law under California Business and Professions Code §§ 17200, et seq.; (3) violation of California's False Advertising Law under California Business and Professions Code §§ 17500, et seq.; (4) trade libel under California common law; (5) intentional interference with contractual relations under California common law; (6) intentional interference with prospective economic relations under California common law; (7) conversion under California common law; (8) larceny in violation of California Penal Code § 496; (9) false patent marking under 35 U.S.C. § 292; (10) violation of the California Uniform Trade Secrets Act under California Civil Code § 3426 et seq.; (11) violation of the Defend Trade Secrets Act under 18 U.S.C. § 1836 et seq.; and (12) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.

On April 17, 2019, Defendants filed a Motion to Dismiss the First Amended Complaint ("Motion to Dismiss"). (Dkt. No. 81.) On May 20, 2019, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Dkt. No. 95.) The Court dismissed Monster's causes of action for trade libel, conversion, larceny, and false patent marking. The Court denied Defendants' Motion to Dismiss with respect to Monster's remaining causes of action.

On June 24, 2021, VPX filed a Motion for Summary Judgment. (Dkt. No. 438.) On April 19, 2022, the Court granted in part and denied in part VPX's Motion for Summary Judgment. (Dkt. No. 740.) The Court granted VPX's Motion for Summary Judgment with respect to Monster's cause of action for intentional interference with prospective economic relations but denied the Motion for Summary Judgment with respect to Monster's remaining causes of action.

On June 24, 2021, Mr. Owoc filed a Motion for Summary Judgment. (Dkt. No. 446.) On April 19, 2022, the Court granted in part and denied in part Mr. Owoc's Motion for Summary Judgment. (Dkt. No. 740.) The Court granted Mr. Owoc's Motion for Summary Judgment with respect to Monster's causes of action for intentional interference with prospective economic relations, violation of the California Uniform Trade Secrets Act, violation of the Defend Trade Secrets Act, and violation of the Computer Fraud and Abuse Act. The Court denied Mr. Owoc's Motion for Summary Judgment with respect to Monster's remaining causes of action.

This action came regularly for trial starting on August 25, 2022, before the Hon. Jesus G. Bernal presiding. Monster was represented by Hueston Hennigan LLP. VPX and Mr. Owoc were represented by Quarles & Brady LLP.

After hearing the evidence and arguments of counsel, and after receiving instruction on the law, on September 29, 2022, the jury unanimously found as follows:

### FALSE ADVERTISING – LANHAM ACT

1. Are Defendants Vital Pharmaceuticals, Inc. ("VPX") and/or John H. "Jack" Owoc liable for false advertising under the Lanham Act?

    (a) **VPX**:      Yes (for Monster) __X__    No (for VPX) _____

    (b) **Owoc**:    Yes (for Monster) __X__    No (for Owoc) _____

*(If you answered "Yes" to Question 1(a), 1(b), or both, continue to Question 2. Otherwise, skip to Question 4.)*

2. We award Monster the following damages sustained by Monster for VPX's and/or Owoc's false advertising:

       $271,924,174

*(Continue to Question 3.)*

3.  Was VPX's and/or Owoc's false advertising willful and deliberate?

    (a)  **VPX**:    Yes (for Monster) __X__    No (for VPX) _____

    (b)  **Owoc**:    Yes (for Monster) __X__    No (for Owoc) _____

    *(Continue to Question 4.)*

## INTENTIONAL INTERFERENCE WITH CONTRACT – CALIFORNIA COMMON LAW

4.  Did VPX and/or Owoc intentionally interfere with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

**Circle K**

    (a)  **VPX**:    Yes (for Monster) __X__    No (for VPX) _____

    (b)  **Owoc**:    Yes (for Monster) _____    No (for Owoc) __X__

**AM PM**

    (a)  **VPX**:    Yes (for Monster) __X__    No (for VPX) _____

    (b)  **Owoc**:    Yes (for Monster) _____    No (for Owoc) __X__

**Wal-Mart**

    (a)  **VPX**:    Yes (for Monster) __X__    No (for VPX) _____

    (b)  **Owoc**:    Yes (for Monster) _____    No (for Owoc) __X__

    *(If you answered "Yes" to any of the above, continue to Question 5.  Otherwise, skip to Question 7.)*

5.  We award Monster the following damages for VPX's and/or Owoc's intentional interference with Monster's contracts with Circle K, AM PM, and/or Wal-Mart:

$18,000,000

*(Continue to Question 6.)*

6.  Did VPX and/or Owoc act maliciously, oppressively, fraudulently, or in reckless disregard of Monster's rights by intentionally interfering with Monster's contracts with Circle K, AM PM, and/or Wal-Mart?

(a)  **VPX**:      Yes (for Monster) __X__      No (for VPX) _____

(b)  **Owoc**:      Yes (for Monster) _____      No (for Owoc) __X__

*(Continue to Question 7.)*

## TRADE SECRET MISAPPROPRIATION

7.  Did VPX misappropriate Monster's claimed trade secrets in violation of the Defend Trade Secrets Act?

Yes (for Monster) __X__          No (for VPX) _____

*(Continue to Question 8.)*

8.  Did VPX misappropriate Monster's claimed trade secrets in violation of the California Uniform Trade Secrets Act?

Yes (for Monster) ___X___          No (for VPX) _____

*(If you answered "Yes" to **either of** Questions 7 or 8, continue to Question 9. Otherwise, skip to Question 11.)*

9. We award Monster the following damages for VPX's misappropriation of Monster's trade secrets:

$3,000,000
_____

*(Continue to Question 10.)*

10. Did VPX maliciously and willfully misappropriate Monster's trade secrets?

Yes (for Monster) _____X_____        No (for VPX) _____

*(Continue to Question 11.)*

### **COMPUTER FRAUD AND ABUSE ACT**

11. Did VPX violate the Computer Fraud and Abuse Act?

Yes (for Monster) __X__        No (for VPX) _____

*(If you answered "Yes" to Question 11, continue to Question 12.  Otherwise, skip to the Concluding Instructions.)*

12. We award Monster the following damages for VPX's violation of the Computer Fraud and Abuse Act:

$15,587
_____

*(Continue to the Concluding Instructions.)*

The jury's verdict was filed in the Court's Docket at Dkt. No. 890 and is hereby incorporated by reference.

On December 8, 2022, Monster filed a Motion for a Permanent Injunction to Enjoin Defendants' False Advertising of "Super Creatine" and Creatine ("Motion for a Permanent Injunction").  (Dkt. No. 901).  On April 12, 2023, the Court granted

Monster's Motion for a Permanent Injunction.   The Court's Order (1) GRANTING Plaintiff's Motion for a Permanent Injunction (Dkt. No. 901); and (2) VACATING the April 24, 2023 Hearing (IN CHAMBERS) was filed in the Court's Docket as Dkt. No. 964 and is hereby incorporated by reference.

On February 23, 2023, VPX filed a Motion for Judgment Notwithstanding the Verdict ("JNOV"), New Trial, and Remittitur (Dkt. No. 921), which Mr. Owoc joined (Dkt. No. 922).  On October 6, 2023, the Court denied VPX's Motion for JNOV, New Trial, and Remittitur.  (Dkt. No. 1050.)

On February 23, 2023, Monster filed a Post-Verdict Motion for Equitable Relief, Fees, and Costs (the "Post-Verdict Motion").  (Dkt. No. 928.)  On October 6, 2023, the Court granted in part and denied in part Monster's Post-Verdict Motion, (Dkt. No. 1050), ordering the following relief:

| Claim | Relief |
|---|---|
| False Advertising in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq. | Judgment in Monster's favor and against Defendants Vital and Mr. Owoc. Permanent injunction as requested in Monster's Motion for Permanent Injunction to Enjoin Defendants' False Advertising of "Super Creatine" and Creatine. |
| False Advertising in violation of the Lanham Act, 15 U.S.C § 1125(a)(1)(B) | Prejudgment interest in the amount of *$13,786,557.30 to September 29, 2023*, plus an additional $37,771.39 for every day thereafter until entry of judgment. |
| Intentional interference with contract | Permanent injunction preventing Vital from interfering with Monster's contracted-for shelf space at all retail locations. Prejudgment interest in the amount of *$1,259,998.25 to September 29, 2023*, plus an additional $3,452.05 per day thereafter through entry of judgment. |

| Claim | Relief |
|---|---|
| Trade Secret Misappropriation in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., and the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, et seq. | Permanent injunction requiring Vital to identify and quarantine Monster's trade secrets in its possession and preventing Vital from disclosing or using Monster's trade secrets. Expert witness expenses in the amount of $101,028.60. Prejudgment interest in the amount of ***$209,999.10 to September 29, 2023***, plus an additional $575.34 per day thereafter through entry of judgment. |
| Attorneys' Fees under the Lanham Act, DTSA, and CUTSA | Attorneys' fees in the amount of $20,972,953.90. |
| Costs under all claims | Costs in the amount of $6,709,552.18. |

The Court's Order (1) DENYING Defendant's Motion for New Trial, Judgment Notwithstanding the Verdict, or Remittitur (Dkt. No. 921); (2) GRANTING-IN-PART Plaintiff's Motion for Equitable Relief, Fees, and Costs (Dkt. No. 928); (3) DENYING Defendant's Request for Clarification (Dkt. No. 1035); and (4) DENYING Defendant's Application to File Supplemental Opposition Under Seal (Dkt. No. 1038) (IN CHAMBERS) was filed in the Court's Docket as Dkt. No. 1050 and is hereby incorporated by reference.

On October 9, 2023, Mr. Owoc filed a Motion to Dissolve Permanent Injunction ("Dissolution Motion"). (Dkt. No. 1051.) On December 14, 2023, the Court denied the Dissolution Motion. (Dkt. No. 1071.)

On October 13, 2023, Mr. Owoc filed a Motion for an Order Modifying the Court's October 6, 2023 Order ("Modification Motion"). (Dkt. No. 1053.) On December 14, 2023, the Court granted the Modification Motion (Dkt. No. 1071) and

modified its October 6, 2023 Order, with respect to the award of attorneys' fees and costs only, as follows:

| Claim | Relief |
|---|---|
| Attorneys' Fees under the Lanham Act | Attorneys' fees in the amount of $16,778,363.10. |
| Attorneys' Fees under the DTSA and CUTSA | Attorneys' fees in the amount of $4,194,590.78. |
| Costs under the Lanham Act | Costs in the amount of $5,367,641.74. |
| Costs under the DTSA and CUTSA | Costs in the amount of $1,341,910.44. |

**BASED UPON THE FOREGOING, IT IS ORDERED, ADJUDGED AND DECREED** that Judgment be entered as follows:

**1.    False advertising in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**

Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are liable for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Vital Pharmaceuticals, Inc.'s and John H. "Jack" Owoc's false advertising was willful and deliberate. Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, jointly and severally, in the amount of $271,924,174, plus attorneys' fees in the amount of $16,778,363.10, plus costs in in the amount of $5,367,641.74, plus prejudgment interest in the amount of $13,786,557.30 to September 29, 2023, plus an additional $37,771.39 per day from September 30, 2023 to the date of this judgment. Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

In addition, as of April 12, 2023, the Court issued a permanent injunction (the "Permanent Injunction"), enjoining Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc as follows:

Defendant Vital Pharmaceuticals, Inc. ("VPX"), Defendant John H. "Jack" Owoc ("Mr. Owoc"), and all Defendants' officers, agents, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, and attorneys, and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

1. The Enjoined Persons are permanently enjoined from falsely or deceptively using, expressly or impliedly, the word "creatine"—whether alone or together with other words—in selling, offering to sell, marketing, promoting, or advertising any BANG energy drink or any other beverage purporting to contain creatyl-L-leucine, Super Creatine, creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule ("BANG Drinks"), including, but not limited to: (1) on any BANG Drinks cans, labels, or packaging; (2) in any presentations, messages, or other communications with third parties, including retailers and potential retailers, distributors and potential distributors, and consumers and potential consumers; (3) in physical locations, including, but not limited to, retail stores, trade shows, expositions, experiential events, fitness clubs, and gyms; (4) in point-of-sale materials, including, but not limited to, free standing display units, counter display units, display stands, standees, posters, banners, mobiles, endcaps, shelf edging, dummy packs, display packs, strut cards, stickers, statics, wobblers, suction cups, and hanging signs ("POS Material"); and (5) in any media, including, but not limited to, print, broadcast, the internet, websites, social

media (including Instagram, TikTok, YouTube, Facebook, and Twitter), billboards, posters, street teams, promotional booths, wrapped vehicles, mobile applications, and product pages on which any of the Enjoined Persons controls the displayed content (including, as applicable, The Vitamin Shoppe, Amazon, and Walmart) ("Media").

2. Without in any way limiting the generality of the restraint set forth in paragraph 1, the Enjoined Persons are permanently enjoined from falsely or deceptively stating, implying, depicting, or otherwise communicating in selling, offering to sell, marketing, promoting, or advertising in the United States that: (1) BANG Drinks contain "Super Creatine," creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; (2) BANG Drinks provide the physical, mental, health, or any other benefits of creatine; (3) "Super Creatine" is creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; (4) "Super Creatine" provides the physical, mental, health, or any other benefits of creatine; (5) creatyl-L-leucine is "Super Creatine," creatine, any form or purported form of creatine, a derivative of creatine, a precursor of creatine, or creatine bonded to L-leucine or any other amino acid or molecule; and (6) creatyl-L-leucine provides the physical, mental, health, or any other benefits of creatine (together, the "Enjoined Claims").

3. Within seven (7) business days of the issuance of this Permanent Injunction, Defendants must deliver a copy of this Permanent Injunction to all Enjoined Persons.  Defendants must deliver a copy of this Permanent Injunction to all new Enjoined Persons within seven (7) business days of the date on which such persons become Enjoined Persons (e.g., hiring).

4. Within sixty (60) days of the issuance of this Permanent Injunction:

    a. The Enjoined Persons must remove the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims, from all BANG Drinks cans, labels, and packaging;

    b. The Enjoined Persons must remove and/or cause to be removed from all physical locations and web-based points of sale, including, but not limited to, websites, retail stores, trade shows, expositions, experiential events, fitness clubs, and gyms, all cans, labels, packaging, and POS Material for BANG Drinks that use or contain the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims and that were placed by the Enjoined Persons or at the direction of the Enjoined Persons; and

    c. The Enjoined Persons must remove from all Media all materials selling, offering to sell, marketing, promoting, or advertising any BANG Drinks—including all videos and pictures showing the BANG Drinks can, label, or packaging—that use or contain the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims that were posted by the Enjoined Persons or at the direction of the Enjoined Persons.

5. Within sixty (60) days of the issuance of this Permanent Injunction:

    a. For a period of one (1) month, Defendants must post on all webpages they use to sell, offer to sell, market, promote, or advertise any BANG Drinks (including bangenergy.com and vpxsports.com) and on all their social media accounts (including Instagram, TikTok, YouTube, Facebook, and Twitter) the language

in paragraph 5(i) below (the "Corrective Statement"). The Corrective Statement shall be: in a font size at least as large as the most prominent language on the page; and immediately adjacent to the most prominent language on the landing page of each website or pinned or otherwise saved as the first post on each social media account. For avoidance of doubt, if multiple webpages on a website sell, offer to sell, market, promote, or advertise BANG Drinks, Defendants must include the Corrective Statement on each such webpage.

 i. "In September 2022, a jury issued a unanimous verdict finding that Vital Pharmaceuticals, Inc. (d/b/a Bang Energy) ("VPX") and former Chief Executive Officer John H. "Jack" Owoc willfully and deliberately engaged in false advertising by claiming that the BANG energy drink contains creatine, contains "Super Creatine," and provides the benefits of creatine. The United States District Court for the Central District of California has permanently enjoined VPX and Mr. Owoc from falsely or deceptively selling, offering to sell, marketing, promoting, or advertising BANG as containing creatine, as containing "Super Creatine," or as providing the benefits of creatine."

b. Defendants must deliver to all retailers, e-commerce websites, brokers, distributors, dealers, wholesalers, importers, influencers, and other non-consumers who they have worked with to sell, offer to sell, market, promote, or advertise BANG Drinks a written, signed notice, in the form of Exhibit A below, that includes a copy of this Permanent Injunction. For a period of one (1) month, Defendants have an ongoing obligation to deliver a written, signed

notice, in the form of Exhibit A below, that includes a copy of this Permanent Injunction to all retailers, e-commerce websites, brokers, distributors, dealers, wholesalers, importers, influencers, and other non-consumers who Defendants work with to sell, offer to sell, market, promote, or advertise BANG Drinks.

**Exhibit A**

To:         Our Valued Customers and Partners

Subject:    Corrective Statement Relating to VPX's Advertising and Promotion of "Super Creatine"

In September 2018, Monster Energy Company filed a civil suit against Vital Pharmaceuticals, Inc. d/b/a Bang Energy ("VPX") and its former Chief Executive Officer John H. "Jack" Owoc, alleging false and misleading advertising. In September 2022, a jury issued a unanimous verdict finding that VPX and Mr. Owoc willfully and deliberately engaged in false advertising by claiming that the BANG energy drink contains creatine, contains "Super Creatine," and provides the benefits of creatine.

On April 12, 2023, the United States District Court for the Central District of California issued a permanent injunction enjoining VPX and Mr. Owoc from falsely or deceptively selling, offering to sell, marketing, promoting, or advertising BANG as containing creatine, as containing "Super Creatine," or as providing the benefits of creatine ("Permanent Injunction"). Attached as Exhibit 1 to this letter is a copy of the Permanent Injunction.

As part of the Permanent Injunction, the Court ordered removal of the term "creatine," whether alone or together with other words, from the BANG can, label, and packaging. The Court also ordered removal of all cans, labels, packaging, and point-of-sale materials for BANG that use the term "creatine," whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims (as defined in the Permanent Injunction), from all physical and

web-based points of sale, including, but not limited to, retail stores, websites, trade shows, fitness clubs, and gyms.  The Court also ordered removal from public availability all materials selling, offering to sell, marketing, promoting, or advertising BANG—including videos and pictures showing the BANG can, label, or packaging—that use the terms "creatine" whether alone or together with other words that state, imply, depict, or otherwise communicate the Enjoined Claims.

**2.      False Advertising in Violation of California's Unfair Competition Law, Cal Bus. & Prof. Code § 17200, et seq.**

On Monster Energy Company's claim for violation of California's Unfair Competition Law, Cal Bus. & Prof. Code § 17200, et seq., judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc.  Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are permanently enjoined as set forth in the Permanent Injunction.

**3.      False Advertising in Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.**

On Monster Energy Company's claim for violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq., judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc.  Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc are permanently enjoined as set forth in the Permanent Injunction.

**4.      Trade Libel Under California Common Law**

Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack" Owoc, and against Monster Energy Company, on the claim for trade libel.

**5.**   **Intentional Interference with Contractual Relations Under California Common Law**

On Monster Energy Company's claim for intentional interference with contractual relations, Vital Pharmaceuticals, Inc. is liable for intentionally interfering with Monster Energy Company's contracts with Circle K, AM PM, and Walmart. Vital Pharmaceuticals, Inc. acted maliciously, oppressively, fraudulently, or in reckless disregard of Monster Energy Company's rights by intentionally interfering with Monster's contracts with Circle K, AM PM, and Walmart.  Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $18,000,000, plus prejudgment interest in the amount of $1,259,998.25 to September 29, 2023, plus an additional $3,452.05 per day from September 30, 2023 to the date of this judgment.  Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

In addition, as of October 6, 2023, the Court issued a permanent injunction (the "Interference Injunction"), enjoining Vital Pharmaceuticals, Inc. as follows:

Defendant Vital Pharmaceuticals, Inc. ("VPX"), and all of VPX's officers, agents, distributors, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, attorneys, and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

1. The Enjoined Persons are permanently enjoined from:

a. Placing VPX products on or in any shelf, shelving unit, cooler vault, reach-in cooler, barrel cooler, rack, display unit, floor stand, countertop display, checkout display, point-of-sale display, store window display, gondola display unit, sidekick display unit, display case, endcap unit, aisle unit, wobbler, or other retail space (collectively, "Retail Space") that the Enjoined Persons know or

have reason to know is secured by Monster through an existing contract;

b. Removing any Monster products from any Retail Space that the Enjoined Persons know or have reason to know is secured by Monster through an existing contract; and

c. Taking any action to conceal, cover up, obscure, hide, block, or otherwise keep from view any Monster products on or in any Retail Space that the Enjoined Persons know or have reason to know is secured by Monster through an existing contract.

2. The Enjoined Persons are permanently enjoined from causing, inducing, or attempting to cause or induce any retailer—including, but not limited to, Circle K, AM PM, and Walmart—and all employees or other persons under their respective direction, supervision, and/or control to:

a. Place VPX products on or in any Retail Space that the Enjoined Persons know or have reason to know is secured by Monster through an existing contract;

b. Remove any Monster products from any Retail Space that the Enjoined Persons know or have reason to know is secured by Monster through an existing contract; and

c. Take any action to conceal, cover up, obscure, hide, block, or otherwise keep from view any Monster products on or in any Retail Space that the Enjoined Persons know or have reason to know is secured by Monster through an existing contract.

Judgment is entered in favor of John H. "Jack" Owoc and against Monster Energy Company on the claim for intentional interference with contractual relations.

1
2

**6.    Intentional Interference with Prospective Economic Relations Under California Common Law**

3 Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack"
4 Owoc, and against Monster Energy Company, on the claim for intentional interference
5 with prospective economic relations.

6

**7.    Conversion Under California Common Law**

7 Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack"
8 Owoc, and against Monster Energy Company, on the claim for conversion.

9

**8.    Larceny in Violation of California Penal Code § 496**

10 Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack"
11 Owoc, and against Monster Energy Company, on the claim for larceny in violation of
12 California Penal Code § 496.

13

**9.    False Patent Marking Under 35 U.S.C. § 292**

14 Judgment is entered in favor of Vital Pharmaceuticals, Inc. and John H. "Jack"
15 Owoc, and against Monster Energy Company, on the claim for false patent marking.

16
17

**10.   Trade Secret Misappropriation in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.**

18 Vital Pharmaceuticals, Inc. is liable for trade secret misappreciation in violation
19 of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq.   Vital
20 Pharmaceuticals, Inc. maliciously and willfully misappropriated Monster Energy
21 Company's trade secrets.  Judgment is entered in favor of Monster Energy Company
22 and against Vital Pharmaceuticals, Inc., in the amount of $3,000,000, plus attorneys'
23 fees in the amount of $4,194,590.78, plus expert witness expenses in the amount of
24 $101,028.60, plus costs in in the amount of $1,341,910.44, plus prejudgment interest
25 in the amount of $209,999.10 to September 29, 2023, plus an additional $575.34 per
26 day from September 30, 2023 to the date of this judgment.  Monster is also
27 awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

28

In addition, as of October 6, 2023, the Court issued a permanent injunction (the "Trade Secrets Injunction"), enjoining Vital Pharmaceuticals, Inc. as follows:

Defendant Vital Pharmaceuticals, Inc. ("VPX"), and all of VPX's officers, agents, distributors, servants, employees, consultants, representatives, parent companies, owners, subsidiaries, affiliates, attorneys, and other persons acting in concert with them who receive actual notice of this Permanent Injunction by personal service or otherwise (together, the "Enjoined Persons") are hereby enjoined as follows:

1. The Enjoined Persons are permanently enjoined from possessing, accessing, reviewing, using, or disclosing Monster's confidential and proprietary pricing, marketing, strategy, and financial information (the "Trade Secret Information"). For avoidance of doubt, the Trade Secret Information includes any information derived from or created by Monster except that which is demonstrably available to persons in the beverage industry.

2. VPX is ordered to take the following steps to remove from its possession, custody, or control any Trade Secret Information:

   a. VPX shall identify and collect any property or information of Monster from all servers, email servers, computers, hard drives, devices, document management systems, files, and storage media (including, without limitation, USB drives, network-based storage, and cloud-based storage) in the possession, custody, or control of VPX, including, without limitation, any VPX-issued devices in the possession, custody, or control of any employee who joined VPX after working for Monster (the "Collected Information");

   b. Within sixty (60) days of the effective date of this Permanent Injunction, VPX shall provide Monster's outside counsel of record with a copy of the Collected Information;

c.  Monster's outside counsel of record will review the Collected Information to identify any Trade Secret Information;

d.  Within thirty (30) days of Monster's identification of the Trade Secret Information, VPX shall: (i) remove all Trade Secret Information from VPX's possession; (ii) quarantine and preserve a copy of the Trade Secret Information to, among other things, preserve data in connection with the obligations of VPX and/or its employees in pending litigations.

3.  Within seven (7) business days of the issuance of this Permanent Injunction, VPX shall deliver a copy of this Permanent Injunction to all Enjoined Persons.  VPX must deliver a copy of this Permanent Injunction to all new Enjoined Persons within seven (7) business days of the date on which such persons become Enjoined Persons (e.g., hiring).

4.  VPX must file a signed, sworn declaration certifying compliance with Paragraphs 2 and 3 of this Permanent Injunction within seven (7) business days after the respective deadlines, with a detailed summary of each step taken to comply with Paragraphs 2 and 3.

Judgment is entered in favor of John H. "Jack" Owoc and against Monster Energy Company on the claim for trade secret misappropriation in violation of the Defend Trade Secrets Act.

**11.  Trade Secret Misappropriation in Violation of the California Uniform Trade Secret Act, Cal. Civ. Code § 3426, _et seq._**

Vital Pharmaceuticals, Inc. is liable for trade secret misappreciation in violation of the California Uniform Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426, et seq.  Vital Pharmaceuticals, Inc. maliciously and willfully misappropriated Monster Energy Company's trade secrets.  Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $3,000,000, plus attorneys' fees in the amount of $4,194,590.78, plus expert witness expenses in the

amount of $101,028.60, plus costs in in the amount of $1,341,910.44, plus prejudgment interest in the amount of $209,999.10 to September 29, 2023, plus an additional $575.34 per day from September 30, 2023 to the date of this judgment. Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.[1]

In addition, Vital Pharmaceuticals, Inc. is permanently enjoined as set forth in the Trade Secrets Injunction.

Judgment is entered in favor of John H. "Jack" Owoc and against Monster Energy Company on the claim for trade secret misappropriation in violation of the California Uniform Trade Secret Act.

### 12. Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

Vital Pharmaceuticals, Inc. is liable for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. Judgment is entered in favor of Monster Energy Company and against Vital Pharmaceuticals, Inc., in the amount of $15,587. Monster is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

Judgment is entered in favor of John H. "Jack" Owoc and against Monster Energy Company on the claim for violation of the Computer Fraud and Abuse Act.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of the enforcement of the Permanent Injunction, the Interference Injunction, and the Trade Secrets Injunction.

Dated:   January 11, 2024   _____
Honorable Jesus G. Bernal
United States District Judge

---

[1] To avoid double recovery, Monster Energy Company's combined monetary recovery on its claims for violation of DTSA and CUTSA shall not exceed the amount of the judgment entered by the Court on each claim individually.