1  Allison L. Libeu (SBN 244487)
   HUESTON HENNIGAN LLP
2  523 West 6th Street, Suite 400
   Los Angeles, California 90014
3  (213) 788-4340
   alibeu@hueston.com
4
   ATTORNEY FOR PLAINTIFF MONSTER ENERGY COMPANY
5
6  MATTHEW J. KITA (SBN 321652)
   6701 Center Drive West, 14th Floor
7  Los Angeles, California 90045
   (310) 844-9696
8  matt@mattkita.com
9  ATTORNEY FOR DEFENDANT JOHN H. OWOC

10

11

12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15

16 **MONSTER ENERGY COMPANY**,  ) Case No.: 5:18-cv-1882-JGB-SHK
   a Delaware Corporation,           )
17                                    ) **JOINT STIPULATION TO AMEND**
                                      ) **THIRD AMENDED STIPULATED**
18            Plaintiff,             ) **PROTECTIVE ORDER**
                                      )
19        v.                         )
                                      )
20 **VITAL PHARMACEUTICALS, INC.**,   )
   d/b/a VPX Sports, a Florida Corporation; ) Hon. Jesus G. Bernal
21 and **JOHN H. OWOC** a.k.a Jack Owoc, )
   an individual,                     )
                                      )
22           Defendants              )

23

24        Pursuant to C.D. Cal. Local Rule 7-1 and Your Honor's Procedures, Plaintiff

25 Monster Energy Company and Defendants Vital Pharmaceuticals, Inc. and John H.

26 Owoc, hereby jointly stipulate to modify the Third Amended Stipulated Protective

27

28

---

1  Order (ECF 1031), to add Matthew J. Kita and Lowenstein Sandler LLP[1] as "Outside

2  Counsel of Record" under the Order. A redline that shows this modification of the

3  operative protective order is attached hereto as Exhibit A.

4       A version of the proposed amended protective order will be e-mailed to the

5  Court today in Microsoft Word format.

6

7  Dated:  May 20, 2024                    Respectfully submitted,

8

9                                         /s/ Alison L. Libeu
10                                        Allison L. Libeu, Hueston Hennigan, LLP
                                          Counsel for Plaintiff Monster Energy Company

11

12 Dated: May 20, 2024                    /s/ Michael Kaplan
                                          Michael Kaplan, Lowenstein Sandler LLP
13                                        Counsel for VPX Liquidating Trust

14

15
   Dated: May 20, 2024                    /s/ Matthew J. Kita
16                                        Matthew J. Kita
                                          Counsel for Defendant John H. Owoc
17

18

19

20

21

22

23

24  _____

25  [1] Lowenstein Sandler LLP is counsel to the trustee (the "Liquidating Trustee") of the
26  VPX Liquidating Trust (the "Liquidating Trust"), which was deemed to be
    substituted in this matter for Vital Pharmaceuticals, Inc. by order of the United States
27  Bankruptcy Court for the Southern District of Florida in *In Re: Vital Pharmaceuticals*
28  *Inc.*, Case No. 22-17842-PDR (Bankr. S.D. Fla.). (ECF ¶ 8 & Ex. 4 at 5-6.)

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation; and JOHN H. OWOC a.k.a. JACK OWOC, an individual,<br><br>Defendants. | Case No. 5:18-cv-1882-JGB-SHK<br><br>**[PROPOSED]** ~~THIRD~~ **FOURTH AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Jesus G. Bernal<br>Trial:   August 4, 2022 |

This ~~Third~~ Fourth Amended Stipulated Protective Order ("Stipulated Protective Order") supersedes and replaces the previously operative protective order entered in this action (ECF ~~705~~ 1033).

**1.     PURPOSES, LIMITATIONS, AND GOOD CAUSE**

**A.     <u>Purposes and Limitations</u>**

Discovery in this action is likely to involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as set forth in this Stipulated Protective Order and as otherwise permissible under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.1, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B.     <u>Good Cause Statement</u>**

This action is likely to involve trade secrets, valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this action is warranted. Concerns about the release of this confidential materials and information is especially pronounced in this case because the Plaintiff alleges that it and the Defendants are direct competitors. Such confidential materials and information consists of, among other things,

5431754

documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party persons, firm, partnership, corporation or organization from which the documents, testimony or information was obtained. Confidential information shall also include business negotiations and/or dealings, business agreements, financial information, financial transactions, information regarding confidential business practices, confidential research and development about the entities' products, commercial information, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.**   **<u>DEFINITIONS</u>**

    2.1   <u>Action</u>: this pending federal lawsuit.

5431754

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "<u>CONFIDENTIAL</u>" <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Such information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any third party (whether oral, in writing, or via videotape); (2) documents produced in this action by any party or by any third

party; (3) written discovery responses given by any Party; (4) any documents or pleadings filed with the Court which attach, contain or disclose any such "CONFIDENTIAL" Information; and (5) the information contained within such documents, testimony or discovery responses so properly designated.

2.4     "<u>HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY</u>" shall be limited to such documents, testimony, information or other things that the Designating Party believes, in good faith, contain information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contain information subject to the right of privacy of any person, or contain information alleged to be a trade secret. None of the restrictions set forth in this Stipulated Protective Order shall apply to  any documents or other information that are or become public knowledge by means not in

violation of the provisions of this Stipulated Protective Order, or any law or statute.

2.5     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in responses to discovery, disclosures, or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or competitor of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or competitor of a Party.

2.9     <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    <u>Outside Counsel of Record</u>: Hueston Hennigan LLP for Plaintiff Monster Energy Company; Gordon Rees Scully Mansukhani, LLP and Quarles & Brady for Defendants Vital Pharmaceuticals, Inc.; The Boesch Law Group; Matthew J. Kita for Defendant and John H. Owoc.

2.12    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

- 4 -

1    2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is

2  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S

3  EYES ONLY."

4    2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

5  from a Producing Party.

6  **3.   SCOPE**

7    The protections conferred by this Stipulation and Order cover not only

8  Protected Material (as defined above), but also (1) any information copied or

9  extracted from Protected Material; (2) all copies, excerpts, summaries, or

10 compilations of Protected Material; and (3) any testimony, conversations, or

11 presentations by Parties or their Counsel that might reveal Protected Material.

12 However, the protections conferred by this Stipulated Protective Order do not cover

13 the following information: (1) any information that is in the public domain at the

14 time of disclosure to a Receiving Party or becomes part of the public domain after its

15 disclosure to a Receiving Party as a result of publication not involving a violation of

16 this Order, including becoming part of the public record through trial or otherwise;

17 and (2) any information known to the Receiving Party prior to the disclosure or

18 obtained by the Receiving Party after the disclosure from a source who obtained the

19 information lawfully and under no obligation of confidentiality to the Designating

20 Party.

21    Any use of Protected Material at trial shall be governed by the orders of the

22 trial judge. This Order does not govern the use of Protected Material at trial.

23 **4.   DURATION**

24    Even after final disposition of this litigation, the confidentiality obligations

25 imposed by this Order shall remain in effect until a Designating Party agrees

26 otherwise in writing or  a court order otherwise directs. Final disposition shall be

27 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

28 or without prejudice; and (2) final judgment herein after the completion and

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

1   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

2   including the time limits for filing any motions or applications for extension of time

3   pursuant to applicable law.

4   **5.     DESIGNATING PROTECTED MATERIAL**

5         5.1     Designating Material for Protection. Parties and Non-Parties may

6   designate Discovery Material as "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the

8   requirements listed in Sections 2.3 and 2.4, above.

9         5.2     Exercise of Restraint and Care in Designating Material for Protection.

10  Each Party or Non-Party that designates information or items for protection under

11  this Order must take care to limit any such designation to specific material that

12  qualifies under the appropriate standards. To the extent it is practical to do so, the

13  Designating Party must designate for protection only those parts of material,

14  documents, items, or oral or written communications that qualify so that other

15  portions of the material, documents, items, or communications for which protection

16  is not warranted are not swept unjustifiably within the ambit of this Order.

17        Designations that are shown to be clearly unjustified or that have been made

18  for an improper purpose (e.g., to unnecessarily encumber the case development

19  process or to impose unnecessary expenses and burdens on other parties) may expose

20  the Designating Party to sanctions.

21        If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection, that Designating Party must

23  promptly notify all other Parties that it is withdrawing the inapplicable designation.

24        5.3     Any Party May Designate Information Produced by Other Party. Any

25  Party may designate information or documents disclosed by another Party or Non-

26  Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES

27  ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt

28  of said information or documents, providing an identification by relevant document

5431754

numbers or other means of the document or information (or portion thereof) to be so designated.

5.4     <u>Manner and Timing of Designations</u>. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings in the margins or by some other method that clearly designates such portions as Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIALATTORNEY'S EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5431754

b)     for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of a certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements.

c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5431754

5.5 <u>Inadvertent Failures to Designate</u>. If corrected within twenty-one (21) days after learning of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give prompt, written notice to Outside Counsel for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and (c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

## 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation.

6.2 <u>Meet and Confer</u>. To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with the Bates number(s) of each designation at issue ("Notice"). No more than 300 challenges may be raised at one time, and any additional challenges may not be brought for

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

a period of at least 5 days. Within 7 days of receipt of the Notice, the Designating Party shall inform the Challenging Party of which documents it will agree to de-designate. Within 10 days of receipt of the Notice, the Designating Party and the Challenging Party shall telephonically meet and confer to attempt to resolve each remaining challenge in good faith. The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).

6.3     <u>Judicial Intervention</u>. Within 12 days of receipt of the Notice, to the extent the parties are not able to resolve the challenges, the Designating Party and the Challenging Party shall exchange written positions relating to each remaining challenge at issue. Within 14 days of receipt of the Notice, to maintain the challenged designations, the Designating Party shall e-mail the Court with the parties' respective written positions relating to the challenged documents. Absent a showing of good cause under Federal Rule of Civil Procedure 6(b), failure by the Designating Party to e-mail the Court shall automatically waive the confidentiality designation for each challenged designation.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

a)    the Receiving Party's insurers and Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)    the court and its personnel;

e)    court reporters, videographers, and their staff;

f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

       i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

       **7.3**    <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" only to the following persons:

       a)    the Receiving Party's Outside Counsel in this action;

       b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       c)    the court and its personnel;

       d)    court reporters and videographers and their staff;

       e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

       f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

       g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.**  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

5431754

b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party, if requested.

c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Materials improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms

5431754

of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection. In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them, and shall not use the documents in any way.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an ediscovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    FILING PROTECTED MATERIAL IN COURT.**

12.1    <u>Filing Protected Materials</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.2    This Order does not govern the treatment of Protected Material at trial, which

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

1  shall be raised by the parties but separately addressed by the Court.

2  **13.    MISCELLANEOUS**

3      13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person

4  to seek its modification by the Court in the future.

5      13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

6  Order, no Party waives any right it otherwise would have to object to disclosing or

7  producing any information or item on any ground not addressed in this Stipulated

8  Protective Order. Similarly, no Party waives any right to object on any ground to use in

9  evidence of any of the material covered by this Protective Order.

10  **14.    FINAL DISPOSITION**

11      After the final disposition of this Action, as defined in Section 4, within 60 days of a

12  written request by the Designating Party, each Receiving Party must return all Protected

13  Material to the Producing Party or destroy such material. As used in this subdivision, "all

14  Protected Material" includes all copies, abstracts, compilations, summaries, and any other

15  format reproducing or capturing any of the Protected Material. Whether the Protected

16  Material is returned or destroyed, the Receiving Party must submit a written certification to

17  the Producing Party (and, if not the same person or entity, to the Designating Party) by the

18  60 day deadline that (1) identifies (by category, where appropriate) all the Protected

19  Material that was returned or destroyed and (2) affirms that the Receiving Party has not

20  retained any copies, abstracts, compilations, summaries or any other format reproducing or

21  capturing any of the Protected Material. Notwithstanding this provision, Counsel are

22  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

23  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24  reports, attorney work product, and consultant and expert work product, even if such

25  materials contain Protected Material. Any such archival copies that contain or constitute

26  Protected Material remain subject to this Protective Order as set forth in Section 4

27  (DURATION).

28      15.    Any violation of this Order may be punished by any and all appropriate

[PROPOSED] FOURTH AMENDED STIPULATED PROTECTIVE ORDER

5431754

1  measures including, without limitation, contempt proceedings and/or monetary sanctions.

2

3  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

4

5  DATED:  May 22, 2024

6  Shashi H. Kewalramani
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5431754